2005 ND 86

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Brandon KELLER, Defendant and Appellant.**

**No. 20040059.**

Supreme Court of North Dakota.

May 10, 2005.

Cynthia Mae Feland, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Wayne D. Goter, Goter Law Office, Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Brandon Keller appeals from a criminal judgment entered upon a jury verdict finding him guilty of conspiracy to commit murder, attempted murder, and reckless endangerment. Keller argues the trial court erred in failing to instruct the jury on lesser included offenses, and the evidence was insufficient to support the guilty verdicts for conspiracy to commit murder and for attempted murder. We affirm.

I

[¶ 2] Keller's convictions stem from events leading up to and involving an August 2003 shootout at a Bismarck trailer home between Bismarck police officers and Keller and an alleged co-conspirator, Michael Sherman. Sherman and Keller were involved with illegal drugs, and both had 9

mm handguns. At about 4:45 p.m. on August 2, 2003, after announcing their presence, Bismarck police officers entered the trailer to execute a warrant and proceeded down the hall to a locked bedroom door at the back of the trailer. Sherman, Keller, and a female juvenile were in the bedroom. A police officer unsuccessfully attempted to open the bedroom door, and shots were fired through the bedroom wall and door by Keller and Sherman. A police officer was shot in the leg with a bullet that was later determined to be from Keller's 9 mm handgun. The police officers fired shots through the bedroom door and retreated from the trailer. A standoff ensued, extending into the morning hours of August 3, 2003. As a result of negotiations between the police and Sherman and Keller, the female juvenile was allowed to leave the trailer at about 12:15 a.m. on August 3. The police subsequently deployed tear gas into the trailer, and at different times during the standoff, shots were fired from the trailer in the direction of the officers. After the police deployed additional rounds of tear gas into the trailer, they entered the trailer and arrested Keller. The police also discovered that Sherman had been killed during the course of the standoff.

[¶ 3] Keller was charged with (1) conspiracy to commit murder for allegedly agreeing with Sherman between July 1 and July 31, 2003, to engage in conduct that constituted murder and obtaining weapons or ammunition, or acquiring black clothing, ski masks, or face paints as an overt act in furtherance of that conspiracy; (2) attempted murder for allegedly acting with the culpability required for murder and intentionally engaging in conduct on August 2, 2003, that constituted a substantial step toward committing murder by discharging a firearm at a Bismarck police officer; and (3) reckless endangerment for allegedly willfully creating a substantial

risk of serious bodily injury or death to another under circumstances manifesting an extreme indifference to the value of human life on August 3, 2003, by willfully shooting at law enforcement officers with a firearm. A jury found Keller guilty on all three charges. The trial court sentenced him to twenty years in prison on each count for the conspiracy and the attempted murder convictions, with those terms to run concurrently, and thereafter to five years in prison for the reckless endangerment conviction.

## II

[¶ 4] Keller argues the trial court erred in failing to instruct the jury that criminal facilitation was a lesser included offense of conspiracy to commit murder and of attempted murder, and that reckless endangerment was a lesser included offense of attempted murder.

## A

[¶ 5] Keller requested instructions on lesser included offenses on the second to the last day of trial. The court denied Keller's requested instructions, concluding they were not timely and were not supported by the evidence that had been received at trial.

[¶ 6] Rule 30(b), N.D.R.Crim.P., provides that any party may file a written request for jury instructions "[a]t the close of the evidence or at an earlier time during the trial as the court reasonably directs." In considering similar language in N.D.R.Civ.P. 51, this Court has said a trial court may set a reasonable deadline for submission of requested instructions and may refuse untimely requests. *Jerry Harmon Motors, Inc. v. First Nat. Bank & Trust Co.*, 472 N.W.2d 748, 754 (N.D.1991). In *State v. Houser*, 261 N.W.2d 382, 384 (N.D.1977), however, this Court considered

an issue about the timeliness of a criminal defendant's request for instructions on lesser included offenses. This Court said, "While the time specified by the trial court for the submission of instructions will be given strong support, we are not prepared to conclude that instructions may be refused solely because they were tardily submitted." *Id.* (citing *State v. Barry*, 11 N.D. 428, 92 N.W. 809 (1902)).

[¶ 7] Here, we have found no order in this record directing when requested instructions were to be submitted, and the parties have not cited such an order. More important, however, instructions about lesser included offenses may involve consideration of the evidence presented at trial. Because the propriety of instructions on lesser included offenses may require consideration of the evidence presented at trial, we decline to conclude that Keller's proposed instructions on lesser included offenses may be refused in this case solely because they were submitted during trial. *See Houser*, 261 N.W.2d at 384. We thus consider Keller's arguments about jury instructions.

## B

### 1

[¶ 8] Professor LaFave says that no "area of law relating to jury instructions has created more confusion than that governing when a court may or must put before the jury for its decision a lesser-included offense." 5 Wayne R. LaFave et al., *Criminal Procedure* § 24.8(d) (2d ed.1984).

[¶ 9] According to *Black's Law Dictionary* 1111 (8th ed.2004) (emphasis added), a lesser included offense is a "crime that is composed of some, but not all, of the *elements* of a more serious crime and that is *necessarily committed* in carrying out the greater crime."

[¶ 10] Both the United States Supreme Court and this Court have held that there is no constitutional right to a lesser-included-offense instruction. *Keeble v. United States*, 412 U.S. 205, 213, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973); *State v. Larson*, 554 N.W.2d 655, 656 (N.D.1996).

[¶ 11] The lesser-included-offense instruction has historically been treated as part of the procedural criminal law as opposed to the substantive criminal law.

[¶ 12] Professor LaFave says there are three approaches to determining what constitutes a lesser included offense: (1) the "statutory elements" approach; (2) the "evidentiary" approach; and (3) the "cognate pleadings" approach (similar to the evidentiary). LaFave et al., *supra* § 24.8(e). Under the "statutory elements" approach, the elements of the offense must be such that it is impossible to commit the greater offense without committing the lesser. *Id.* "The statutory-elements approach, which was the original common law position, is used today in the federal courts and in a growing number of states." *Id.* Under the "evidentiary" approach, the instruction would be appropriate if the facts of the case would permit an accused to be convicted of a less serious offense even if the elements do not make it impossible to commit the greater without committing the lesser offense. *Id.* The "cognate pleadings" approach looks to the pleadings rather than to the evidence introduced. *Id.* The evidentiary and cognate-pleadings approaches have been criticized as being unclear and placing both the prosecutor and defense in an untenable position, because they open the door for so many potential lesser included offenses. *Id.*

[¶ 13] Lesser included offenses are said to be relevant to determining what offense a defendant can be convicted of, to double jeopardy analysis, and to prohibiting dupli-

cative charges, as well as to entitlement to a lesser-included-offense instruction. *See, e.g.,* N.D.R.Crim.P. 31; *State v. Belyea,* 9 N.D. 353, 354, 83 N.W. 1, 1 (1900).

[¶ 14] As discussed below, the right to a lesser-included-offense instruction requires: first, that the offense be a lesser included offense of the greater; second, that the evidence be such that a jury could rationally find the defendant not guilty of the greater offense and guilty of the lesser; and third, generally, that the instruction be requested.

2

[¶ 15] Historically, North Dakota recognized lesser included offenses under its law of criminal procedure. This recognition was based on its statute, which provided:

Upon an information or indictment for any offense, the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, or they may convict him of any offense which is necessarily included in the offense charged.

N.D.R.C.1943, § 29–2223. This provision was found essentially in the same form from the early days of statehood. Revised Code 1895, § 8244; Revised Code 1899, § 8244; Revised Code 1905, § 10053; Compiled Laws 1913, § 10890. Under the former statutory provisions, North Dakota used an elements-of-the-offense test. Indeed, the "elements of the offense, necessarily included in" analysis hearkens back to Dakota Territory:

The jury may find the defendant guilty of any offense, the commission of which is *necessarily included* in that with which he is charged in the indictment, or of an attempt to commit the offense. See Code Crim. Proc. § 402. This court accordingly held, at the January term, 1876, in the case of People v. Odell, ante, 601, (Mr. Justice Bennett delivering the

opinion,) on an indictment for shooting with a shot gun, with intent to kill, that a defendant "may be convicted either of the crime charged, or of an assault, or assault and battery, with intent to do bodily harm, or for assault and battery, or for a simple assault."

*Territory v. Conrad,* 46 N.W. 605, 605 (Dak.Terr.1877) (emphasis added). Evidence had to permit a rational jury to find the defendant not guilty beyond a reasonable doubt of the greater offense and guilty beyond a reasonable doubt of the lesser offense. *State v. Woods,* 24 N.D. 156, 162–64, 139 N.W. 321, 324–25 (1912). The lesser-included-offense instruction had to be requested. *Id.*

[¶ 16] The historical basis for the right to a lesser-included-offense instruction was eliminated when it was superseded by the North Dakota Rules of Criminal Procedure on November 1, 1973. N.D.R.Crim.P. 59.

3

[¶ 17] North Dakota's current lesser-included-offense law has its origin in the North Dakota Rules of Criminal Procedure, which are based on the Federal Rules of Criminal Procedure.

[¶ 18] The right to a lesser-included-offense instruction is not constitutional in magnitude. It is not found in our criminal code. It derives from the United States Supreme Court's interpretation of Federal Rule of Criminal Procedure 31, which parallels our Rule 31. N.D.R.Crim.P. 31(c) provides:

A defendant may be found guilty of an *offense necessarily included in the offense charged.* If attempt is an offense, a defendant may be found guilty of an attempt to commit either the offense charged or an offense necessarily included in the offense charged.

(Emphasis added.)

[¶ 19] Some erroneously assume that the right to a lesser-included-offense in-

struction derives from our criminal code, which became effective on July 1, 1975, and that the definition of "included offense" for the purposes of our criminal code is the relevant definition for the right to a lesser-included-offense instruction. The right to a lesser-included-offense instruction, however, derives from the United States Supreme Court decision in *Berra v. United States,* 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1956), and that case's definition of a "lesser included offense" is not necessarily the definition of "included offense" from our criminal code.

[¶ 20] In *Berra,* the United States Supreme Court said, "In a case where some of the *elements of the crime* charged themselves constitute a lesser crime, the defendant, if the evidence justified it, would no doubt be entitled to an instruction which would permit a finding of guilt of the lesser offense." *Berra,* 351 U.S. at 134, 76 S.Ct. 685 (emphasis added).

[¶ 21] The United States Supreme Court further explained in *Sansone v. United States:*

The basic principles controlling whether or not a lesser-included offense charge should be given in a particular case have been settled by this Court. Rule 31(c) of the Federal Rules of Criminal Procedure provides, in relevant part, that the "defendant may be found guilty of an offense necessarily included in the offense charged." Thus, "[i]n a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justifie[s] it ... [is] entitled to an instruction which would permit a finding of guilt of the lesser offense." *Berra v. United States, supra,* at 134, 76 S.Ct. at 688. *See Stevenson v. United States,* 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980. But a lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. *Berra v. United States, supra; Sparf v. United States,* 156 U.S. 51, 63–64, 15 S.Ct. 273, 277–278, 39 L.Ed. 343. In other words, the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater. *A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense. Berra v. United States, supra; Sparf v. United States, supra,* 156 U.S. at 63–64, 15 S.Ct. at 277–278.

380 U.S. 343, 349–50, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965) (emphasis added). In its note 6 at the conclusion of the above text, the Court said:

This Court has long recognized that to hold otherwise would only invite the jury to pick between the felony and the misdemeanor so as to determine the punishment to be imposed, a duty Congress has traditionally left to the judge....

*Sansone,* 380 U.S. at 350 n. 6, 85 S.Ct. 1004.

[¶ 22] In *State v. Sheldon,* 301 N.W.2d 604, 608 (N.D.1980), this Court discussed *Berra* and said, "Rule 31(c), N.D.R.Crim. P., was adopted from the Federal Rules of Criminal Procedure. We believe that the history surrounding Rule 31(c), Fed. R.Crim.P., applies with equal force to Rule 31(c), N.D.R.Crim.P." Our Rule 31 became effective November 1, 1973.

[¶ 23] In *State v. Piper,* this Court traced our current right to a lesser-included-offense instruction not to our criminal code but to our Rules of Criminal Procedure:

Although Rule 31(c) of the North Dakota Rules of Criminal Procedure (on the

assumption appropriate instructions have been given) permits the conviction of a defendant on a lesser offense, we note that there is no constitutional right guaranteeing a defendant a jury instruction on a lesser included offense.

261 N.W.2d 650, 653 (N.D.1977).

[¶ 24] In *State v. Houser*, this Court applied the Eighth Circuit test for a lesser-included-offense instruction:

The Eighth Circuit Court of Appeals, in *United States v. Thompson*, 492 F.2d 359, 362 (8th Cir.1974), outlined a five-part test to determine when a defendant is entitled to an instruction on a lesser included offense:

"(1) a proper request is made; (2) *the elements of the lesser offense are identical to part of the elements of the greater offense;* (3) there is some evidence which would justify conviction of the lesser offense; (4) *the proof on the element or elements differentiating the two crimes* is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and (5) there is mutuality, i.e., a charge may be demanded by either the prosecution or defense."

261 N.W.2d 382, 386 (N.D.1977) (emphasis added).

4

[¶ 25] North Dakota's criminal code enacted effective July 1, 1975, includes the provision:

"Included offense" means an offense:

a. Which is established by proof of the same or less than all the facts required to establish commission of the offense charged;

b. Which consists of criminal facilitation of or an attempt or solicitation to commit the offense charged; or

c. Which differed from the offense charged only in that it constitutes a less serious harm or risk of harm to the same person, property, or public interest, or because a lesser degree of culpability suffices to establish its commission.

N.D.C.C. § 12.1–01–04(15).

[¶ 26] As noted above, this provision is not the source of North Dakota's provision for a lesser-included-offense instruction, although it has been referred to in several of this Court's opinions on lesser included offenses.

[¶ 27] The Report to the Legislature noted that the provision was intended to clear up confusion on lesser included offenses: "The term 'included offense' is defined in a way which the Committee hopes will clarify this presently confusing area of the law." North Dakota Legislative Council, *Report to the Forty–Third Legislative Assembly* 82 (1973). The Report said it was defining 28 terms "used throughout the new Code." *Id.* But after being defined in N.D.C.C. § 12.1–01–04(15), the term "included offense" was—and is—used nowhere else in the criminal code, and N.D.C.C. § 12.1–01–04 states at its outset that the definitions are limited to "as used in this title" (the criminal code itself).

[¶ 28] How did this confusing situation occur? The new criminal code was the work of the Interim Committee on the Judiciary "B." The legislature directed the interim study of the "substantive criminal statutes," *id.* at 80, not the rules of criminal procedure. Interim Committee on the Judiciary "B" dealt with the crimes and punishment found in title 12 of the North Dakota Century Code. The committee resolved to use the proposed federal criminal code contained in the *Final Report* of the National Commission on Reform of Feder-

al Criminal Laws.[1] *Id.* at 81. The committee considered whether to start from the *Final Report* or from title 12, the existing criminal code. *Id.* It decided to work from title 12, considering the corresponding provisions of the proposed federal criminal code. *Id.* Where there was no title 12 provision corresponding to a provision in the proposed federal criminal code, those proposed federal-criminal-code provisions were omitted without being considered. Using this approach, all of the provisions in the proposed federal criminal code that used the term "included offense" were omitted. *See* National Commission on Reform of Federal Criminal Laws, *Final Report* §§ 202 (Jurisdiction Over Included Offenses), 701 (Statute of Limitations), 704 (When Prosecution Barred by Former Prosecution for Same Offense), 3204 (Concurrent and Consecutive Terms of Imprisonment) (1971) [*"Final Report"*].

5

[¶ 29] Despite being an historical dead end at the time of the new criminal code's adoption, and despite the holding in *State v. Jacobson*, 338 N.W.2d 648, 650 (N.D. 1983), that "included offense" and "lesser included offense" are not equivalent terms, a number of this Court's opinions have referred to the definition of "included offense" in N.D.C.C. § 12.1–01–04(15) in analyzing entitlement to a "lesser included offense" instruction. *See, e.g., State v. Clinkscales*, 536 N.W.2d 661, 663–64 (N.D. 1995); *State v. Larson*, 554 N.W.2d 655, 656 (N.D.1996).

[¶ 30] As previously noted, our current right to a "lesser included offense" instruc-

tion emanates from N.D.R.Crim.P. 31, which we interpret consistently with the federal courts' interpretation of Fed. R.Crim.P. 31. Although some of the previous opinions of this Court employ the definition of "included offense" in N.D.C.C. § 12.1–01–04(15) in analyzing entitlement to a "lesser included offense" instruction, we will no longer rely on that definition for that analysis.[2]

6

[¶ 31] Our law on lesser included offense is this: We apply an elements-of-the-offense analysis. For an offense to be a lesser included offense, it must be impossible to commit the greater offense without committing the lesser. *State v. Ellis*, 2001 ND 84, ¶ 11, 625 N.W.2d 544; *State v. Carlson*, 1997 ND 7, ¶ 35, 559 N.W.2d 802. For a lesser-included-offense instruction, there must be evidence on which a jury could rationally find beyond a reasonable doubt that the defendant is not guilty of the greater offense and to find beyond a reasonable doubt that the defendant is guilty of the lesser. *Carlson*, at ¶ 34. Generally, absent a request for an instruction on a lesser included offense, a trial court need not give such an instruction. *State v. Motsko*, 261 N.W.2d 860, 867 (N.D.1977). Either the prosecution or the defense may request a lesser-included-offense instruction, or the court may on its own give such an instruction. *See State v. Wiedrich*, 460 N.W.2d 680 (N.D.1990). The instruction must require an acquittal of the offense charged before consideration of lesser included offenses. *State v. Daulton*, 518 N.W.2d 719, 722–23 (N.D.1994).

1. The proposed federal criminal code was never adopted.

2. The 1987 Legislative Assembly, in the process of amending state laws relating to the statute of limitations for certain sexual offenses, replaced the term "manslaughter" in N.D.C.C. § 29–04–02 with the phrase "any

included offense" in relation to a statute-of-limitations exception for a person prosecuted for murder. 1987 N.D. Sess. Laws ch. 390. For this opinion, we need not determine the meaning of "any included offense" for the statute of limitations under N.D.C.C. § 29–04–02.

### C

[¶ 32]   We apply our elements-of-the-offense analysis to Keller's claim that he was wrongly denied lesser-included-offense instructions.

### 1

[¶ 33]   Keller argues facilitation is, by definition, a lesser included offense of conspiracy to commit murder under N.D.C.C. § 12.1–01–04(15)(b).   He argues that provision does not define when criminal facilitation is an included offense and puts no limits on when criminal facilitation may be an included offense.   He argues the only logical inference from that definition is that criminal facilitation comes into play as a possible included offense whenever the evidence contains facts and circumstances showing possible involvement by two or more persons in the commission of the alleged offense, or a like offense.

[¶ 34]   Under N.D.C.C. § 12.1–06–04(1), "[a] person commits conspiracy if he agrees with one or more persons to engage in or cause conduct which, in fact, constitutes an offense or offenses, and any one or more of such persons does an overt act to effect an objective of the conspiracy. The agreement need not be explicit but may be implicit in the fact of collaboration or existence of other circumstances."   The defendant need not commit the overt act, but one of the conspirators must commit the overt act, and once an illicit agreement is shown, an overt act of any conspirator may be attributed to the other conspirators to establish the offense of conspiracy. *State v. Lind*, 322 N.W.2d 826, 844–45 (N.D.1982).   Under N.D.C.C. § 12.1–16–01(1)(a) or (b), a person is guilty of murder, the object of the charged conspiracy in this case, if that person intentionally or knowingly causes the death of another, or causes the death of another under circumstances manifesting extreme indifference to the value of human life.

[¶ 35]   Under those statutes and the charges in this case, Keller was guilty of conspiracy to commit murder if he agreed with Sherman to intentionally or knowingly cause the death of another or to cause the death of another under circumstances manifesting extreme indifference to the value of human life, and if either Keller or Sherman committed an overt act in furtherance of that agreement.

[¶ 36]   Under N.D.C.C. § 12.1–06–02, a person is guilty of criminal facilitation if "he knowingly provides substantial assistance to a person intending to commit a felony and that person, in fact, commits the crime contemplated, or a like or related felony, employing the assistance so provided."   We have recognized a relationship between the offenses of criminal facilitation and accomplice liability. *State v. Langan*, 410 N.W.2d 149, 150–52 (N.D. 1987); *State v. Ballard*, 328 N.W.2d 251, 252–53 (N.D.1982).   In *Langan*, this Court, using an elements-of-the-offense analysis, concluded criminal facilitation is a lesser included offense of accomplice liability under our criminal statutes. *Id.* at 151–52.   The question in this case is whether facilitation is also a lesser included offense of conspiracy under those statutes.

[¶ 37]   Criminal conspiracy requires an agreement but no actual assistance by a charged individual:

> A person commits conspiracy if he agrees with one or more persons to engage in or cause conduct which, in fact, constitutes an offense or offenses, and any one or more of such persons does an overt act to effect an objective of the conspiracy.

N.D.C.C. § 12.1–06–04(1).   Criminal facilitation, on the other hand, requires actual and substantial assistance but no agreement:

A person is guilty of criminal facilitation if he knowingly provides substantial assistance to a person intending to commit a felony and that person, in fact, commits the crime contemplated, or a like or related felony, employing the assistance so provided.

N.D.C.C. § 12.1–06–02(1).

[¶ 38] Because it is possible to commit the crime of conspiracy without necessarily committing the crime of facilitation, facilitation is not a lesser included offense of conspiracy.

[¶ 39] Facilitation is not a lesser included offense of conspiracy to commit murder under N.D.C.C. § 12.1–01–04(15)(b), and the trial court did not err in refusing to give Keller's requested instruction on this issue.

2

[¶ 40] Keller argues criminal facilitation is a lesser included offense of attempted murder. We reject Keller's argument for the same reason that facilitation is not a lesser included offense of conspiracy. Criminal facilitation requires a person to knowingly provide substantial assistance to another, N.D.C.C. § 12.1–06–02(1), while criminal attempt requires the person himself (or herself) to intentionally engage in conduct that, in fact, constitutes a substantial step toward commission of the crime, N.D.C.C. § 12.1–06–01(1). Because it is possible to commit criminal attempt without assisting another, criminal facilitation is not a lesser included offense of attempted murder, and the trial court did not err in refusing to give Keller's requested instruction on this issue.

3

[¶ 41] Keller argues the trial court erred in failing to instruct the jury on reckless endangerment as a lesser included offense of attempted murder. Kel-

ler was charged with attempted murder for the shooting that occurred when police officers were in the trailer home and with reckless endangerment for the shots fired at the police officers after they had retreated from the trailer home. Keller argues reckless endangerment is a lesser included offense of attempted murder under N.D.C.C. § 12.1–01–04(15)(c) because reckless endangerment "differed from the attempted murder charge in that reckless endangerment constituted a less serious risk of harm . . . to the same person, i.e. the police officers, or because it required a showing of a lesser degree of culpability, namely recklessness as opposed to intentionally attempting to murder the officer." The State agrees reckless endangerment under circumstances manifesting an extreme indifference to the value of human life is a lesser included offense of attempted murder under N.D.C.C. § 12.1–01–04(15)(c). However, the State argues the evidence does not justify a reckless endangerment instruction in this case, because the evidence does not create a reasonable doubt as to attempted murder and support a conviction for reckless endangerment beyond a reasonable doubt.

[¶ 42] The trial court instructed the jury that "[a] person is guilty of Attempted Murder if he either intentionally or knowingly attempts to cause the death of another human being; or if he willfully attempts to cause the death of a human being under circumstances manifesting extreme indifference to the value of human life." Keller's requested instruction on reckless endangerment as an included offense of attempted murder tracked language in N.D.C.C. § 12.1–17–03 that a person is guilty of felony reckless endangerment if he creates a substantial risk of serious bodily injury or death to another under circumstances manifesting an extreme indifference to the value of human life.

[¶ 43] As outlined above, under North Dakota law, one offense is not a lesser included offense of another if it is possible to commit the "greater" offense without committing the "lesser" offense. *State v. Ellis*, 2001 ND 84, ¶¶ 15–16, 625 N.W.2d 544.

[¶ 44] North Dakota Century Code section 12.1–06–01(1) defines criminal attempt:

A person is guilty of criminal attempt if, acting with the kind of culpability otherwise required for commission of a crime, *he intentionally engages in conduct which, in fact, constitutes a substantial step toward commission of the crime.* A "substantial step" is any conduct which is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime. *Factual or legal impossibility of committing the crime is not a defense, if the crime could have been committed had the attendant circumstances been as the actor believed them to be.*

N.D.C.C. § 12.1–06–01(1) (emphasis added).

[¶ 45] North Dakota Century Code section 12.1–17–03 defines reckless endangerment:

A person is guilty of an offense if he *creates a substantial risk of serious bodily injury or death to another.* The offense is a class C felony if the circumstances manifest his extreme indifference to the value of human life. Otherwise it is a class A misdemeanor. There is risk within the meaning of this section if the potential for harm exists, whether or not a particular person's safety is actually jeopardized.

N.D.C.C. § 12.1–17–03 (emphasis added). This Court has explained:

If a person engages in conduct whereby he consciously and unjustifiably disregards a substantial risk that his conduct will result in death or serious bodily injury, then he has engaged in conduct proscribed by the reckless-endangerment statute. . . .

. . . [T]hat "recklessness" requires an act done in conscious and unjustifiable disregard of the risks.

*State v. Hanson,* 256 N.W.2d 364, 367 (N.D.1977).

[¶ 46] Thus, a person can be convicted of attempted murder for having taken a substantial step toward commission of the crime of murder even if there never was, in fact, a substantial risk of serious bodily injury or death to another as required for reckless endangerment. Therefore, reckless endangerment is not a lesser included offense of attempted murder. In the similar case of *Ellis,* 2001 ND 84, 625 N.W.2d 544, Ellis was charged with and convicted of attempted murder. *Ellis,* at ¶ 2. At trial, and on appeal, Ellis argued that the jury should have been instructed on aggravated assault as a lesser included offense of attempted murder. *Id.* at ¶ 10. This Court affirmed Ellis's conviction under the same rationale that applies here, holding that aggravated assault under subsections 1, 2, and 3 is not a lesser included offense of attempted murder:

In *State v. Sheldon,* 301 N.W.2d 604, 610 (N.D.1980), this Court said:

Aggravated assault under subsections 1, 2, and 3 of § 12.1–17–02, N.D.C.C., is not a lesser included offense to the offense of attempted murder because the elements necessary to prove commission of the offenses differ. *Aggravated assault, except under subsection 4 of § 12.1–17–02, N.D.C.C., requires that a bodily injury be suffered by the victim of the offense. On the other hand, "criminal attempt" as defined in § 12.1–06–01(1), N.D.C.C., requires that the ac-*

*tor engage in a substantial step toward commission of the crime. The offense of attempted murder does not require that the victim of the offense suffer a bodily injury. Although a substantial step toward commission of the crime may well involve a bodily injury, it is clear that the elements of proof involved in the offenses of aggravated assault under subsections 1, 2, and 3 of § 12.1–17–02, N.D.C.C., and attempted murder differ,* but not as to subsection 4 of § 12.1–17–02, N.D.C.C. This variance of proof, except as to subsection 4 of § 12.1–17–02, is fatal to the categorization of aggravated assault as a lesser included offense of attempted murder. However, aggravated assault under subsection 4 of § 12.1–17–02 can be a lesser included offense of attempted murder.

Here, the trial court denied Ellis's request for an instruction on aggravated assault:

> The Supreme Court of North Dakota in *State v. Sheldon* has said that aggravated assault under those three potential circumstances or situations is not a lesser included offense of attempted murder because the elements necessary to prove the offenses differ. The Supreme Court in *Sheldon* did say that there is a potential for a lesser included under subsection (4) of the statute defining aggravated assault, which would involve firing a firearm of [sic] hurling a destructive device at another human being.

> On the evidence presented in this case, the Court finds that that instruction would not apply. On the evidence presented to the Court under the circumstances of this case, the requested instruction for aggravated assault would fall under categories one, two and three and by law is not a lesser included offense.

Under *Sheldon* and the first step of our process for deciding whether a defendant is entitled to an instruction on a claimed lesser included offense, aggravated assault is not a lesser included offense of attempted murder because, except for N.D.C.C. § 12.1–17–02(4) which involves firing a firearm or hurling a destructive device at another human being, *it is possible to commit the greater offense of attempted murder without committing aggravated assault. The offense of attempted murder requires the defendant to take a substantial step toward committing the crime of attempting to intentionally or knowingly cause the death of another and does not require the victim to suffer bodily injury.* Aggravated assault under N.D.C.C. § 12.1–17–02(1), (2), and (3), however, requires the victim to suffer bodily injury.

The attempted murder charge against Ellis did not allege he fired a firearm or hurled a destructive device at the victim. Rather, Ellis was charged with attempted murder under N.D.C.C. §§ 12.1–06–01 and 12.1–16–01(1)(a) for attempting to intentionally or knowingly cause the death of another person by inflicting blunt force trauma to the head of the victim. *The State was required to prove Ellis intentionally engaged in conduct which constituted a substantial step toward the commission of the crime of knowingly and intentionally causing the death of another person and was not necessarily required to prove the victim suffered a bodily injury. Under Sheldon and our jurisprudence for lesser included offenses, we conclude the trial court did not err in refusing to give an instruction on aggravated assault.*

*Ellis,* 2001 ND 84, ¶¶ 13–16, 625 N.W.2d 544 (emphasis added).

[¶ 47]   In this case, which is parallel to *Ellis,* "it is possible to commit the greater offense of attempted murder without committing" reckless endangerment. "The offense of attempted murder requires the defendant to take a substantial step toward committing the crime of attempting to intentionally or knowingly cause the death of another and does not require" actually creating a substantial risk of serious bodily injury or death to another.

[¶ 48]   Reckless endangerment is not a lesser included offense of attempted murder. Therefore, the trial court did not err by not giving the requested instruction.

### III

[¶ 49]   Keller argues there was insufficient evidence to support the conspiracy and the attempted murder verdicts.

■■■■ [¶ 50]   In reviewing a sufficiency-of-the-evidence challenge, we review the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found that the essential elements of the crime were established beyond a reasonable doubt. *State v. Steiger,* 2002 ND 79, ¶ 4, 644 N.W.2d 187. "We review a challenge to the sufficiency of the evidence by drawing all inferences in favor of the verdict." *City of Jamestown v. Neumiller,* 2000 ND 11, ¶ 5, 604 N.W.2d 441. A "[r]eversal is warranted only if, after viewing the evidence and all reasonable evidentiary inferences in the light most favorable to the verdict, no rational factfinder could have found the defendant guilty beyond a reasonable doubt." *Id.*

### A

■■■ [¶ 51]   To establish conspiracy to commit murder, the State must prove an agreement to commit murder plus an overt act performed by any person to the conspiracy. N.D.C.C. § 12.1–06–04(1). "The agreement need not be explicit but may be implicit in the fact of collaboration or existence of other circumstances." *Id.* A defendant need not commit the overt act charged, but one of the conspirators must commit an overt act, and once an illicit agreement is shown, the overt act of any conspirator may be attributed to other conspirators to establish the offense of conspiracy. *Lind,* 322 N.W.2d at 844–45.

[¶ 52]   There was evidence that Sherman had talked about a "plan" to avoid being arrested and sent back to jail if confronted by law enforcement officers. That plan included using hostages and killing law enforcement officers. Although Keller admits he may have planned to use hostages if confronted by the police, he claims he never intended to kill any police officers and did not agree to a plan to kill police officers. However, in a statement to police shortly after being arrested, Keller acknowledged that he and Sherman had talked about a "shootout" and about "shooting cops." Moreover, there was evidence that, as between Sherman and Keller, Sherman was the person in charge, and the circumstances in this case support an inference that Keller implicitly agreed to the plan. We conclude that the evidence, viewed in the light most favorable to the verdict, is sufficient to establish an agreement between Sherman and Keller to kill police officers if they were confronted by police officers. We also conclude the evidence is sufficient to establish overt acts in furtherance of that agreement. We therefore conclude there was sufficient evidence to support the conspiracy verdict.

### B

■■■ [¶ 53]   To establish attempted murder, the State must prove the defen-

dant, acting with the kind of culpability otherwise required for commission of the crime of murder, intentionally engaged in conduct that, in fact, constituted a substantial step toward commission of the crime of murder.

[¶ 54]   There was testimony that Keller retrieved his 9 mm handgun, loaded the weapon, and repeatedly fired through the bedroom door and walls at Bismarck police officers located on the other side. There was testimony that a police officer was shot in the leg with a bullet that was later determined to have come from Keller's 9 mm handgun.   Keller's conduct in shooting at the police officers sufficiently constitutes a substantial step toward the commission of the crime of murder to justify the conviction of attempted murder.   Keller failed to show, based on the evidence, that "no rational factfinder could have found the defendant guilty beyond a reasonable doubt."   *State v. Kringstad,* 353 N.W.2d 302, 306 (N.D.1984).   We conclude there was sufficient evidence to support the attempted murder conviction.

## IV

[¶ 55]   We affirm the convictions.

[¶ 56] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.

[¶ 57] The Honorable WILLIAM A. NEUMANN, a member of the Court when this case was heard, resigned effective March 14, 2005, and did not participate in this decision.