# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 162

State of North Dakota,                                                    Plaintiff and Appellee

v.

Duane Eldene Landrus Jr.,                                          Defendant and Appellant

No. 20180343

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable John W. Grinsteiner, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Julie A. Lawyer, Burleigh County State's Attorney, Bismarck, ND, for plaintiff and appellee.

James R. Loraas, Bismarck, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]    Duane Landrus appeals from an amended criminal judgment and order for restitution after a jury found him guilty of aggravated and simple assault.  We affirm.


I

[¶2]    Landrus was involved in a violent altercation involving David Roberts, Summer Tippett, and Jason Conn, among others.  Roberts testified he and Tippett fell asleep by the firepit after hosting a cook-out.  They awoke sometime after 2:00 a.m. and began cleaning up when they discovered Landrus in a storage shed on the property.  A fight between Landrus and Roberts ensued, and Roberts suffered a stab wound from a knife later found at Landrus's residence.  Landrus punched Tippett when she tried to intervene.  The neighbor, Conn, also tried to intervene and suffered minor cuts.  Two other witnesses corroborated the stories of the injured parties.

[¶3]    Landrus testified he acted in self-defense after he found himself in a stranger's yard while attempting to walk home after a night of drinking.  Landrus claimed after being discovered in the shed Tippett told him to wait for police while Roberts told him to leave the property.  Landrus testified he only used the knife in a defensive motion to ward off the attack, and acted in self-defense after Roberts struck him in the head with a portable radio.

[¶4]    The State charged Landrus with attempted murder, simple assault, and criminal trespass. Landrus requested a self-defense jury instruction at trial.   The State requested a jury instruction of defense of property based on Roberts discovering Landrus in the shed on his property.  The district court gave both instructions.  Over Landrus's objection the district court also gave the jury a lesser included aggravated assault instruction concerning the attempted murder charge.

[¶5] Landrus argues the district court erred in allowing the defense of property instruction because it was based on the victims' actions as property owners and not raised by a criminal defendant as a defense. Landrus further argues the court erred by allowing the lesser included aggravated assault instruction over his objection, and the verdict was against the weight of the evidence.

## II

[¶6] Landrus argues the district court misapplied the law by giving the defense of property jury instruction because it impermissibly shifted the burden of proof and undermined Landrus's self-defense claim.

[¶7] Jury instructions are fully reviewable on appeal. *State v. Wilson*, 2004 ND 51, ¶ 11, 676 N.W.2d 98. This Court reviews jury instructions as a whole and determines whether they correctly and adequately inform the jury of the applicable law, even though part of the instructions standing alone may be insufficient or erroneous. *Id*. Reversal is appropriate only if the instructions, as a whole, are erroneous, relate to a central subject in the case, and affect a substantial right of the accused. *State v. Huber*, 555 NW.2d 791, 793 (N.D. 1996).

[¶8] At trial, Landrus claimed that he acted in self-defense and that Roberts was the initial aggressor. The district court instructed the jury on self-defense. At the State's request, the court also instructed the jury on the use of force in defense of premises and property:

> "Force is justified if it is used by a person to prevent or terminate an unlawful entry or other trespass in or upon premises or to prevent an unlawful carrying away or damaging of property; however, force is not justified unless the person using force first requests the person against whom force is to be used to desist from interference with the premises or property, but a request is not necessary if it would be useless or dangerous to make the request or substantial damage would be done to the property sought to be protected before the request could effectively be made."

2

[¶9]    As Landrus points out, the defense of premises and property jury instruction tracks the language of N.D.C.C. § 12.1-05-06. N.D.C.C. ch. 12.1-05: Justification—Excuse—Affirmative Defenses, specifically section 12.1-05-01, states justifications are a defense. We therefore must determine whether the district court erred giving an instruction concerning a victim's actions rather than the actions of a defendant raising a justification defense.

[¶10]  Landrus contends the jury instruction, modeled on the statute but given in an unintended context, negated and contradicted the self-defense jury instruction. He also argues the defense of property instruction  improperly communicated to the jury that the State would not need to prove the absence of self-defense if they concluded the victims acted in defense of property.

[¶11]  Under North Dakota law the State must prove beyond a reasonable doubt each element of a charged offense, including the "nonexistence of a defense as to which there is evidence in the case sufficient to give rise to a reasonable doubt on the issue." N.D.C.C. § 12.1-01-03. If evidence supports a self-defense claim, the accused is entitled to such a jury instruction and the State must prove beyond a reasonable doubt the accused did not act in self-defense. *State v. Olander*, 1998 ND 50, ¶ 20, 575 N.W.2d 658.

[¶12]  Landrus relies on authority from Arizona and Mississippi to argue the instructions created a mandatory presumption the victims were entitled to use force to repel Landrus, thereby alleviating the State's burden to prove the absence of self-defense.  The Arizona Court of Appeals held a jury instruction regarding the reasonableness of the victim's defense of property unconstitutionally shifted the burden of proof to the defendant to prove self-defense. *State v. Abdi*, 226 Ariz. 361, 248 P.3d 209 (Ariz. Ct. App. 2011).  Similarly, the Mississippi Court of Appeals held it was reversible error for the trial court to give a defense of property instruction in favor of the victims because the instruction was a misapplication of the law and prejudicial to the defendant's self-defense claim. *Husband v. State*, 204 So.3d 353 (Miss. Ct. App. 2016). In both cases, the trial courts created a mandatory presumption

by instructing their juries to "presume" the victims acted reasonably in defense of property. The respective courts of appeal held the presumptions alleviated the States' burdens to prove the defendants did not act in self-defense. *Abdi*, 248 P.3d at 213; *Husband*, 204 So.3d at 359.

[¶13] Here, the district court included language from N.D.C.C. § 12.1-05-06, but did not instruct the jury to "presume" the victims acted reasonably in defending their property. The jury was instructed to consider the effect of the defense of property instruction, but no mandatory presumption existed. While the jury did ask three questions regarding the jury instructions, the district court responded by correcting a typographical error and directing jurors to review the burdens of proof. Under these facts, Landrus's self-defense claim was fairly presented, and the instructions adequately informed the jury on the law of self-defense. Providing a jury instruction regarding the defense of property did not shift the State's burden to disprove Landrus's self-defense argument and did not negate the self-defense jury instruction.

[¶14] The jury instructions, as a whole, adequately informed the jury of the law, and the district court did not misapply the law or shift the burden of proof by giving the defense of property instruction. Because the jury instructions were not erroneous, it is unnecessary to determine whether the alleged error relates to a central subject in the case or affected a substantial right. *See State v. Huber*, 555 N.W.2d 791 (N.D.1996) (setting forth three criteria for analyzing alleged jury instruction errors).

III

[¶15] Landrus argues the district court erred in granting the State's request for a lesser included aggravated assault jury instruction relating to the attempted murder charge.

[¶16] An elements analysis is used to determine whether an offense is lesser included. *State v. Keller*, 2005 ND 86, ¶ 31, 695 N.W.2d 703. Commission of the greater offense must be impossible without committing the lesser offense. *Id*. For a lesser included offense instruction to be proper, there must be evidence creating

reasonable doubt as to the greater offense but supporting conviction of the lesser offense beyond a reasonable doubt. *State v. Carlson*, 1997 ND 7, ¶ 34, 559 N.W.2d 802. A lesser included offense jury instruction may be requested by either the prosecution or defense, or the court may give such a jury instruction. *Keller*, at ¶ 31. The jury instruction must require an acquittal of the greater charged offense before consideration of the lesser included offense. *Id*.

[¶17] Landrus correctly argues a defendant has a right to waive jury instructions on lesser included offenses as a trial tactic. *See State v. Frey*, 441 N.W.2d 668, 670 (N.D. 1989) (concluding defendants have the right to take an all-or-nothing approach to a conviction of the greater offense in waiving a lesser included jury instruction). But the court may grant the State's request for a lesser included offense instruction over the defendant's objection, as happened here. *State v. Wiedrich*, 460 N.W.2d 680, 684 (N.D. 1990). Because the district court had discretion to give a lesser included instruction, it would not err in granting the State's requested aggravated assault jury instruction absent an abuse of that discretion. Here, the court's decision to include the lesser included instruction was consistent with the evidence and was not an abuse of discretion.

IV

[¶18] Landrus argues insufficient evidence supported the aggravated and simple assault verdicts.

[¶19] Challenges to the sufficiency of evidence are reviewed in the light most favorable to the verdict to determine whether a rational trier of fact could find the essential elements of the crime were established beyond a reasonable doubt. *State v. Steiger*, 2002 ND 79, ¶ 4, 644 N.W.2d 187. In a challenge to the sufficiency of the evidence, all inferences are drawn in favor of the verdict. *State v. Keller*, 2005 ND 86, ¶ 50, 695 N.W.2d 703. Reversal is warranted only where no reasonable factfinder could find the defendant guilty beyond a reasonable doubt when viewing the evidence in the light most favorable to the verdict. *Id.*

[¶20]   According to testimony from Roberts, Tippett, and others, Landrus attacked Roberts after being discovered on the property.  There is evidence that Landrus used a knife during the attack and stabbed Roberts.  There is evidence that Landrus punched Tippett in the face when she attempted to intervene in the fight.  There is evidence that, despite his self-defense claim, Landrus did not call police after he walked away from the scene.  This evidence is sufficient to support a verdict that Landrus committed both the aggravated assault on Roberts and simple assault on Tippett.

V

[¶21]   The district court's criminal judgment and order for restitution are affirmed.

[¶22]   Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Gerald W. VandeWalle, C.J.