# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 81

State of North Dakota,                                    Plaintiff and Appellee

    v.

Brian Lee Schaf,                                    Defendant and Appellant

### No. 20220323

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

David L. Rappenecker (argued) and Dennis H. Ingold (on brief), Assistant State's Attorneys, Bismarck, ND, for plaintiff and appellee.

Lloyd C. Suhr, Bismarck, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1] Brian Lee Schaf appeals from a criminal judgment entered following a jury verdict finding him guilty of gross sexual imposition and disorderly conduct. Schaf argues the district court abused its discretion in excluding expert testimony, erred in denying Schaf's request for a lesser included offense of sexual assault, and erred by incorrectly instructing the jury that consideration of Schaf's intoxication was limited to one element of gross sexual imposition. We affirm.

I

[¶2] Schaf was charged with one count of gross sexual imposition in violation of N.D.C.C. § 12.1-20-03(1)(c) and one count of disorderly conduct in violation of N.D.C.C. § 12.1-31-01(1)(g). The State alleged that during a night of drinking, while staying inside a hotel room with two minor girls, L.P. and D.D., and D.D.'s parents, Schaf entered a bed where both girls were asleep, inserted his finger into L.P.'s vagina, kissed her, touched her stomach and sides, and later touched D.D.'s stomach and thighs.

[¶3] Schaf filed a motion in limine to introduce expert testimony that he experienced Alcoholic Blackout with a Dissociated State during the alleged acts. The district court denied the motion finding the proposed expert was not qualified to give the opinion being offered, the opinion was based on inadmissible evidence, and the opinion would not be helpful to the jury. Schaf requested the jury be given an instruction of sexual assault under N.D.C.C. § 12.1-20-07(1)(a), arguing it was a lesser included offense of gross sexual imposition in violation of N.D.C.C. § 12.1-20-03(1)(c). The request was denied. The jurors were instructed they could consider the effect of Schaf's intoxication on his ability to know or have reasonable cause to believe L.P. was unaware of the sexual act done to her, but were not allowed to consider intoxication for the other elements of gross sexual imposition. Schaf was found guilty on both charges.

[¶4]   Schaf challenges the district court's denial of his motion to introduce expert testimony that he experienced Alcoholic Blackout with a Dissociated State. "The district court exercises broad discretion in determining whether to admit or exclude evidence, and its determination will be reversed on appeal only for an abuse of discretion." *State v. Vickerman*, 2022 ND 184, ¶ 8, 981 N.W.2d 881 (quoting *State v. Kalmio*, 2014 ND 101, ¶ 10, 846 N.W.2d 752). "A district court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably, or it misinterprets or misapplies the law." *Id.* (quoting *Kalmio*, at ¶ 10). "The ultimate decision whether to admit expert witness testimony rests within the district court's sound discretion." *State v. Schmidkunz*, 2006 ND 192, ¶ 15, 721 N.W.2d 387 (citing *State v. Steinbach*, 1998 ND 18, ¶ 12, 575 N.W.2d 193). "[T]he trial court decides the qualifications of the witness to express an opinion on a given topic[.]" *Anderson v. A.P.I. Co. of Minn.*, 1997 ND 6, ¶ 9, 559 N.W.2d 204.

[¶5]   Section 12.1-04-02(1), N.D.C.C., clarifies when evidence of a defendant's intoxication may be raised. The statute states, "[i]ntoxication is not a defense to a criminal charge." It goes on to explain that "[e]vidence of intoxication is admissible whenever it is relevant to negate or to establish an element of the offense charged." While intoxication may not establish a complete defense, it may be relevant and admissible to negate one element of a crime.

[¶6]   Expert testimony can be used by the State or defense to establish or negate an element of a crime. Rule 702, N.D.R.Ev., states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

[¶7]   The expert must first have specialized knowledge in a particular area. Secondly, that specialized knowledge must assist a trier of fact in determining a disputed or contested fact in the case. The rule should be applied generously, but the expert must have "some degree of expertise in the field in which the

witness is to testify." *State v. Hunter*, 2018 ND 173, ¶ 45, 914 N.W.2d 527. In assessing this degree of expertise, this Court has noted that "knowledge may be derived from reading alone in some fields, from practice alone in some fields, or as is more commonly the case, from both." *Anderson*, 1997 ND 6, ¶ 9 (quoting *I McCormick on Evidence* § 13, at pp. 54-55 (4th ed. 1992)).

[¶8] Schaf sought to admit Dr. Michel A. Cramer Bornemann as an expert witness to provide jurors with his opinion that Schaf experienced Alcoholic Blackout with a Dissociated State and thus did not know or could not reasonably believe L.P. was unaware of the sexual act done to her. The district court denied Schaf's motion in limine for three reasons: 1) Dr. Bornemann did not have sufficient qualifications to opine on an alcohol-related disorder, 2) the condition itself is commonly understood and would not be useful to a jury in determining a contested fact in the case, and 3) Dr. Bornemann relied on hearsay to formulate his opinion, which was mainly comprised of statements made by Schaf that were not subject to cross-examination. This Court may affirm a result of the district court even if a portion of its reasoning is wrong, or even if the entirety of it is, as long as the result is the same under correct law. *See State v. Laframboise*, 2021 ND 80, ¶ 20, 959 N.W.2d 596 (quoting *Sanders v. Gravel Products, Inc.*, 2008 ND 161, ¶ 9, 755 N.W.2d 826) ("[W]e will not set aside a correct result merely because the district court's reasoning is incorrect if the result is the same under the correct law and reasoning.") Because the court did not abuse its discretion in finding Dr. Bornemann was unqualified to be an expert on alcohol-related disorders, we need not consider, and express no opinion on, the other reasons for exclusion.

[¶9] Dr. Bornemann was offered as an expert to provide an opinion on Schaf's state of mind during the criminal acts. Dr. Bornemann's opinion ruled out a sleep-related behavior, specifically, "Sleep-Related Abnormal Sexual Behavior, or, as commonly referred to, Sexsomnia" as a diagnosis for Schaf's actions, and concluded that "[b]ased upon scientific and clinical peer-reviewed literature on Alcoholic Blackouts in conjunction with my extensive professional clinical and investigate experience, the allegations involving [Schaf] with two adolescent female[s] . . . appear to be best explained by an Alcoholic Blackout with a Dissociated State." Dr. Bornemann's qualifications included the completion of

3

a residency in internal medicine, a post-graduate fellowship in pulmonary and critical care, and he is board-certified by the American Board of Sleep Medicine, the American Board of Medical Specialties-Sleep Medicine, and the American Academy of Sleep Medicine. Dr. Bornemann included references to several alcohol-related articles at the conclusion of his opinion.

[¶10] In finding Dr. Bornemann was unqualified to render an opinion on Alcoholic Blackout with a Dissociated State, the district court found the following:

> [T]he Court finds Dr. Bornemann qualified to make the conclusion that the Defendant did not suffer from any sleep-related behavior or parasomnia . . . . However, the Defendant does not seek Dr. Bornemann's testimony as to this conclusion. Rather, the Defendant seeks to offer Dr. Bornemann's testimony to show he suffered from an Alcoholic Blackout with a Dissociated State. Reading through the vast recitation of Dr. Bornemann's qualifications outlined in his report, the Court is not convinced he has the required training or experience to testify to such alcohol related diagnosis.

The court found Dr. Bornemann was not qualified to render an opinion on Alcoholic Blackout with a Dissociated State because his training and experience, while extensive in several areas, did not provide any qualifications on alcohol-related disorders. The court correctly applied the law and we are not convinced the court acted arbitrarily or unreasonably in making its determination that Dr. Bornemann was not qualified to render expert testimony on alcohol-related disorders. The district court did not abuse its discretion in denying Schaf's motion to include Dr. Bornemann's opinion as expert testimony.

III

[¶11] Schaf challenges the district court's denial of his request to include sexual assault as a lesser included offense to gross sexual imposition in instructions to the jury. The right to a lesser included offense is not constitutional, but derives from N.D.R.Crim.P. 31(c) allowing a defendant to

4

be found guilty of an offense that is necessarily included in the offense charged. The framework for including a lesser offense is as follows:

> For a lesser-included-offense instruction, there must be evidence on which a jury could rationally find beyond a reasonable doubt that the defendant is not guilty of the greater offense and to find beyond a reasonable doubt that the defendant is guilty of the lesser. *State v. Foreid*, 2009 ND 41, ¶ 19, 763 N.W.2d 475 (quoting [*State v.*] *Keller*, 2005 ND 86, ¶ 31, 695 N.W.2d 703). The purpose of this requirement is to avoid a jury conviction on the lesser offense based on sympathy for the defendant or an attempt to reach a compromise even though the evidence does not support such a conviction. *Id.* (quoting *State v. Clinkscales*, 536 N.W.2d 661, 664 (N.D. 1995)).

*State v. Blotske*, 2017 ND 190, ¶ 19, 899 N.W.2d 661 (internal quotation marks omitted). Additionally, "[f]or an offense to be a lesser included offense, it must be impossible to commit the greater offense without committing the lesser." *Keller*, 2005 ND 86, ¶ 31. "We view the evidence in the light most favorable to the defendant to determine whether there is sufficient evidence to support a jury instruction." *City of Fargo v. Nikle*, 2019 ND 79, ¶ 6, 924 N.W.2d 388 (quoting *State v. Lehman*, 2010 ND 134, ¶ 12, 785 N.W.2d 204).

[¶12] The district court referenced both *Foreid*, 2009 ND 41, ¶ 19, and *Keller*, 2005 ND 86, ¶ 31, and found the evidence presented at trial would not allow a jury to find Schaf not guilty of gross sexual imposition, but guilty of sexual assault. The court, in part, found as follows:

> This Court can't find that here. That's not the evidence. The defendant testified he simply doesn't—does not admit the act, and he also testified he doesn't remember the act. Those two elements. That's what's being proposed. So it really goes to the victim and the testimony.
>  . . . .
> The key is that the knowingly emphasis is different in 12.1-20-07 in that you first have to find he knowingly has sexual conduct—contact. It's different than the knowing element that is infused into 12.1-20-03(1)(c). It does add in on the fourth element that you have to find that a person knows the conduct is offensive,

the other party in 12.1-20-07. . . . [t]he knowing element to 12.1-20-07(1)(a) is different.

. . . .

So under the facts of this case the evidence would—would not permit a jury to rationally find Mr. Schaf guilty of sexual assault and not guilty of gross sexual imposition. Therefore, the Court rules that Defendant Schaf is not entitled to a jury instruction on what is perceived to be a lesser-included offense that is sexual assault.

[¶13] The district court found the knowledge element of gross sexual imposition under N.D.C.C. § 12.1-20-03(1)(c) was incompatible with the knowledge element of sexual assault under N.D.C.C. § 12.1-20-07(1)(a), such that Schaf could be convicted of the greater offense without committing the lesser offense. Section 12.1-20-03(1)(c), N.D.C.C., prohibits a person from willfully engaging in a sexual act with another if the person knew or had reasonable cause to believe the victim was *unaware* that a sexual act was being committed upon them. Section 12.1-20-07(1)(a), N.D.C.C., prohibits a person from knowingly having sexual contact with another if the person knew or had reasonable cause to believe the contact was *offensive* to that person.

[¶14] Here, it would have been possible for Schaf to commit the greater offense without committing the lesser offense as *Keller* precludes. Based upon the evidence presented at trial, a rational factfinder was tasked with finding Schaf knew or did not know or had reasonable cause to believe or did not have reasonable cause to believe L.P. was asleep at the time he penetrated her. If a rational factfinder found Schaf knew L.P. was asleep, then the factfinder would not be able to find Schaf knew L.P. was offended by the contact; Schaf would have had to believe L.P. had no awareness of what he was doing at the time— no conscious ability to be offended. The evidence at trial presented only the first conclusion, not the latter. L.P. testified adamantly she was asleep and awoke to Schaf penetrating her. There was no evidence presented that Schaf touched L.P. knowing she was offended. Even viewing the evidence in a light most favorable to the defendant, a rational factfinder could not have acquitted Schaf of gross sexual imposition under N.D.C.C. § 12.1-20-03(1)(c) while convicting him of sexual assault under N.D.C.C. § 12.1-20-07(1)(a) as *Blotske*

6

and *Foreid* require. The two subsections of each offense require different types of knowledge related to the victim that Schaf could not have possessed simultaneously. While this Court has found under some circumstances that sexual assault is a lesser included offense to gross sexual imposition (*see State v. Gaddie*, 2022 ND 44, ¶ 14, 971 N.W.2d 811 ("[A] sexual contact charge *may* be a lesser included offense contained within a sexual act charge") (emphasis added)), the subsections of both offenses and the evidence presented in this case do not afford such an inclusion. The district court did not err by excluding a lesser-offense of sexual assault from the instructions provided to the jury.

IV

[¶15] Schaf challenges instructions provided to the jury that his intoxication could only be considered in determining whether he knew or had reasonable cause to believe L.P. was unaware of a sexual act being committed. The jury was instructed that it was the State's burden to prove beyond a reasonable doubt that on (1) March 20, 2021, (2) Schaf, (3) willfully engaged in a sexual act with L.P., and (4) that he did so knowing or having reasonable cause to believe that L.P. was unaware that a sexual act was being committed. The instructions stated "voluntary intoxication at the time of committing the alleged offenses does not relieve a Defendant of criminal responsibility for the other elements of the offenses, that is, other than element 4 of gross sexual imposition."

[¶16] Schaf argues that because one of the girls observed Schaf with his eyes closed not saying anything while lying in bed with them that "[t]he jury could have found Schaf did not willfully engage in the sexual act with L.P. based on his level of intoxication." Schaf did not object to the instructions at trial nor did he submit proposed instructions contrary to the instructions provided.

[¶17] "This Court reviews the instructions as a whole to determine whether they adequately and correctly inform the jury of the applicable law[.]" *State v. Erickstad*, 2000 ND 202, ¶ 16, 620 N.W.2d 136. When a party does not expressly object at trial to jury instructions, the instructions are reviewed for obvious error. *State v. Olander*, 1998 ND 50, ¶ 11, 575 N.W.2d 658. An obvious

7

error inquiry focuses on whether the error was plain and affected the defendant's substantial rights. N.D.R.Crim.P. 52(b).

[¶18] "Voluntary intoxication is irrelevant to a crime of general intent[.]" *Erickstad*, 2000 ND 202, ¶ 25. Section 12.1-20-03(1)(c), N.D.C.C., gross sexual imposition, in part, is a general intent crime. We are not convinced the instructions provided to the jury were plain error that affected Schaf's substantial rights given our prior case law holding that intoxication is not relevant to a crime of general intent and the offense charged was a crime of general intent. We conclude it was not an obvious error to instruct the jury to only consider intoxication in determining whether Schaf knew or had reasonable cause to believe L.P. was unaware of a sexual act being committed.

V

[¶19] The district court did not abuse its discretion in finding Dr. Bornemann was unqualified as an expert to provide his opinion on an Alcoholic Blackout with a Dissociated State. The court did not err in denying jury instructions on the offense of sexual assault, and it was not obvious error to instruct the jury to consider Schaf's intoxication only in determining if he knew or had reasonable cause to believe L.P. was unaware of the sexual act committed. The judgment is affirmed.

[¶20]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr