505 F.2d 815
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Melvin BURNETT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell Lester SEARS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Bernard LYON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Louis MOLINE, Defendant-Appellant.
 Nos. 74-1647 to 74-1650.
 United States Court of Appeals, Ninth Circuit.
 Nov. 13. 1974
Certiorari Denied March 3, 1975
See 95 S.Ct. 1361.
 
 Kenneth L. Collins (argued) of Federal Public Defenders, Los Angeles, Cal., for defendant-appellant.
 Earl E. Boyd, Asst. U.S. Atty. (argued) Los Angeles, Cal., for plaintiff-appellee.
 Myron Roschko, Beverly Hills, Cal., on brief, for Carl Melvin Burnett.
 Alvin S. Michaelson, Los Angeles, Cal., on brief, for Robert Bernard Lyon.
 Ron Bain, Los Angeles, Cal., on brief, for Carl Louis Moline.
 OPINION
 Before TRASK and GOODWIN, Circuit Judges, and ENRIGHT,[1] District judge.
 PER CURIAM:
 
 
 1
 Appellants were charged under a 40-count indictment with conspiracy to commit offenses in violation of 18 U.S.C. 1001 and the substantive violations of that section. Count One charged the conspiracy under 18 U.S.C. 371; the remaining counts charged the substantive violations under 18 U.S.C. 1001. That section proscribes willful misrepresentation to United States agencies. Defendants' sole contention on appeal is that they should have been charged under 18 U.S.C. 1919, which prohibits false statements to obtain unemployment benefits for prior federal service, and not under the general fraudulent statement provision, 18 U.S.C. 1001 (which carries a greater penalty).
 
 
 2
 Defendants admit that the terms of both statutes apply to their conduct. Their claim that section 1919 precludes application of section 1001 to their conduct rests on three proffered rules of statutory construction: (1) that the specific statute takes precedence over the more general one, Robinson v. United States, 142 F.2d 431 (8th Cir. 1944); (2) that the more recent statute has priority over the earlier one, Shelton v. United States, 83 U.S.App.D.C. 32, 165 F.2d 241, 244 (1947); and (3) that any conflicts in statutory interpretation are resolved in favor of the defendant, United States v. Bass, 404 U.S. 336, 347-348, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). Congress enacted the specific misdemeanor offense of defrauding the United States of unemployment benefits for prior federal service after it had passed into law the general felony crime of willful misrepresentation to a federal agency.
 
 
 3
 Defendants' principles of statutory construction are inapplicable to the instant case. As rules of construction they would only be useful in resolving legitimate doubts about Congress' intent in passing overlapping statutes. They may not be used to create doubts. Callanan v. United States,364 U.S. 587, 596, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961). There is no indication in the legislative history that Congress intended to bar application of 18 U.S.C. 1001 to conduct also punished by 18 U.S.C. 1919 when Congress passed the latter provision. Absent evidence of such intent, cf. Kniess v. United States, 413 F.2d 752 (9th Cir. 1969), as this court recently stated in United States v. Brown, 482 F.2d 1359, 1360 (9th Cir. 1973),
 
 
 4
 '. . . where a single act violates more than one statute, the government may elect to prosecute under either. United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598 (1941); United States v. Chakmakis, 449 F.2d 315 (5th Cir. 1971); Ehrlich v. United States, 238 F.2d 481 (5th Cir. 1956).'
 
 
 5
 To assume the opposite, that the mere passage of a specific statute covering an area of conduct also regulated by a more general statute limits enforcement of the general statute by carving out an exception to it, is, in effect, to accomplish a partial repeal of the general statute. Repeals by implication are not favored; effect should be given to overlapping statutes if possible. Posadas v. National City Bank, 296 U.S. 497, 503, 56 S.Ct. 349, 80 L.Ed. 351 (1936). In the present case the Government had the option of proceeding under either statute.
 
 
 6
 Defendants' citation of United States v. Thompson, 493 F.2d 305 (9th Cir. 1974), is not apposite. In that case this court considered a claim that a criminal defendant was entitled to a jury instruction that the general conspiracy statute, 18 U.S.C. 371, was a lesser included offense of the statute under which he was charged, conspiracy to smuggle marijuana, 21 U.S.C. 176(a) (repealed).
 
 
 7
 The question before us is not the propriety of a limiting instruction. None was requested and no issue was raised about it. Ours is a question whether the entire indictment was bad because the Government is alleged to have made an erroneous choice between two statutes the terms of each of which applied. We hold that the indictment was proper.
 
 
 8
 Judgment affirmed.
 
 
 
 [1]
 Honorable William B. Enright, United States District Judge for the Southern District of California, sitting by designation