**UNITED STATES of America, Appellee,**

v.

**Ronald L. ESTUS, Appellant.**

No. 76–1455.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1976.
Decided Nov. 3, 1976.

Andrew L. Clark, Little Rock, Ark., on brief, for appellant.

W. H. Dillahunty, U. S. Atty., and Kenneth F. Stoll, Asst. U. S. Atty., Little Rock, Ark., on brief, for appellee.

Before LAY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Ronald L. Estus was convicted after a jury trial on seven counts of an eight-count indictment charging him with submitting false sick leave requests while employed as a mail clerk in the United States Postal Service in violation of 18 U.S.C. § 1001. Appellant's sole contention on appeal is that § 1001 is not applicable to false statements made by Postal Service employees to the Postal Service and consequently, that the indictment was defective and should have been dismissed.

Section 1001 reads in pertinent part as follows:

Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully * * * makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more that $10,000 or imprisoned not more than five years, or both.

It is appellant's theory that false statements made by government employees concerning the internal affairs of the agency or department involved are not within the purview of § 1001. This contention is without merit. Section 1001 and its predecessor, former § 80, have been construed to provide an overall penalty for fraud upon the government no matter what other, more specific statutes may provide, *see, e. g., United States v. Gilliland*, 312 U.S. 86, 93, 61 S.Ct. 518, 85 L.Ed. 598 (1941); *United States v. Librach*, 520 F.2d 550, 556 (8th Cir. 1975); *United States v. Burnett*, 505 F.2d 815, 816 (9th Cir. 1974), and no matter whether the false statement is made by a government employee or private individual, *see, e. g., Stein v. United States*, 363 F.2d 587, 590 (5th Cir. 1966). Government employees have been indicted and convicted under § 1001 even as to falsifications made in the course of their official duties, *see, e. g., United States v. Bramblett*, 348 U.S. 503, 75 S.Ct. 504, 99 L.Ed. 594 (1955); *United States v. Eisenmann*, 396 F.2d 565 (2d Cir. 1968); *United States v. Myers*, 131 F.Supp. 525, 531 (N.D.Cal.1955).

Defendant's principal contention urged for reversal is that 39 U.S.C. § 410, which was enacted as part of the 1970 Postal Reorganization Act, 39 U.S.C. §§ 101 *et seq.*, evidences a congressional intent to exclude employees of the newly reorganized Postal Service from the purview of § 1001. We disagree. Section 410 provides in pertinent part as follows:

(a) Except as provided by subsection (b) of this section, and except as other-

wise provided in this title * * *, no Federal law dealing with public or Federal contracts, property, works, officers, employees, budgets, or funds, including the provisions of chapters 5 and 7 of title 5, shall apply to the exercise of the powers of the Postal Service.

(b) The following provisions shall apply to the Postal Service:

(1) * * *

(2) all provisions of title 18 *dealing with* the Postal Service, the mails, and officers or employees of the Government of the United States.

39 U.S.C. § 410 (emphasis added).

H.Rep. 91–1104, U.S.Code Cong. and Admin.News, pp. 3649, 3675 (1970) states that "[t]he provisions of the criminal laws *applicable to* the Postal Service, the mails, and Government employees" (emphasis added) are made specifically applicable to the Postal Service by section 114 (now 39 U.S.C. § 410) of the Act. As previously discussed, section 1001 is applicable to government employees and private individuals alike, and as such, is made specifically applicable to the Postal Service by § 410(b)(2).

In support of his contention that section 1001 is not applicable to Postal employees, appellant points to 18 U.S.C. § 1712[1] as the exclusive remedy against employees of the Postal Service who falsify Postal Service records. Section 1712, which was originally enacted in 1948, was, at the time of the 1970 Postal Reorganization Act, amended to make its terminology consistent with the other provisions of the Act. No change in substance was intended. Appellant's position that the Postal Reorganization Act made section 1712 the exclusive remedy is therefore untenable.

The judgment of the district court is affirmed.

---

1. § 1712. Falsification of postal returns to increase compensation

Whoever, being a Postal Service officer or employee, makes a false return, statement, or account to any officer of the United States, or makes a false entry in any record, book, or account, required by law or the rules or regulations of the Postal Service to be kept in respect of the business or operations of any post office or other branch of the Postal Service for the purpose of fraudulently increasing his compensation or the compensation of the postmaster or any employee in a post office; or

\* \* \* \* \* \*

Shall be fined not more than $500 or imprisoned not more than two years, or both.