745 P.2d 203

**STATE of Arizona, Appellee,**

v.

**John R. SOMMER, Jr., Appellant.**

No. 1 CA–CR 10628.

Court of Appeals of Arizona,
Division 1, Department C.

Oct. 27, 1987.

Robert K. Corbin, Atty. Gen. by Patrick A. Murphy, Financial Fraud Div., Denise M. Westfall, Asst. Atty. Gen., Phoenix, for appellee.

Smith & Curtis by David W. Curtis, Phoenix, for appellant.

## OPINION

CORCORAN, Judge.

Following a jury trial, defendant was found guilty of 9 counts of fraudulent schemes and practices, A.R.S. § 13–2311, and one count of theft, A.R.S. § 13–1802, arising out of claims for unemployment insurance benefits between December 1984 and January 1985. Defendant was placed on 3 years' probation.

The charges against defendant arose out of the filing of 9 claim forms with the Department of Economic Security (DES) for unemployment insurance benefits. During the time period in which he filed the claims, he was employed by Custom Foods in what he described as a "training program." The evidence showed that he was paid $200 per week. The president of Custom Foods testified at trial that defendant was an employee receiving a salary of $200 per week from which payroll deductions were made. Evidence offered by defendant at trial supported his defense that the amounts received from Custom Foods were not wages, but rather were reimbursement for expenses while he was involved in its training program.

On appeal, defendant argues:

1. The state failed to show the existence of a scheme or artifice to defraud, and

2. The trial court erred in denying his motion for judgment of acquittal.

We affirm.

1. *Scheme or Artifice to Defraud*

Defendant appears to argue that there was no proof of a scheme or artifice

to defraud because he did not create the training program in which he was enrolled. He asserts that merely submitting false sworn statements to DES was insufficient to prove the elements required under A.R.S. § 13–2311. He concludes that, "in other words, some exterior and additional criminal conduct involving fraud or deceit in addition to the merely false statement" was required. He also suggests that a person who submits a false statement may only be prosecuted pursuant to A.R.S. § 13–2703, false swearing, or § 13–2704, unsworn falsification, unless the false statement is made pursuant to an overall fraudulent scheme or artifice to deceive or defraud. Defendant's last argument suggests that the prosecutor's charging discretion in this case was limited by the availability of a more specific statute.

A.R.S. § 13–2311 (Supp.1986) provides:

**Fraudulent schemes and practices; wilful concealment; classification**

A. Notwithstanding any provision of the law to the contrary, in any matter related to the business conducted by any department or agency of this state or any political subdivision thereof, any person who, pursuant to a scheme or artifice to defraud or deceive, knowingly falsifies, conceals or covers up a material fact by any trick, scheme or device or makes or uses any false writing or document knowing such writing or document contains any false, fictitious or fraudulent statement or entry is guilty of a class 5 felony.

This statute was adopted from 18 U.S.C. § 1001. A.R.S. § 13–2311 (1978), Historical Note. Statutes adopted from federal law will be presumed to have been adopted with the construction placed upon them by federal courts. *State v. Haas*, 138 Ariz. 413, 418, 675 P.2d 673, 678 (1983). In *Haas* the court analyzed language similar to that in § 13–2311 from former § 13–320.01 which, along with its federal counterpart, proscribed conduct involving "a scheme or artifice to defraud." The court observed that those terms were not defined according to any technical standard, that the law was intended to encompass a broad range

of fraudulent activities, and that a "scheme or artifice" was a plan, device, or trick to perpetrate a fraud. *Haas*, 138 Ariz. at 418–23, 675 P.2d at 678–83; *see also State v. Smith*, 121 Ariz. 106, 588 P.2d 848 (App. 1978).

The historical application of 18 U.S.C. § 1001 to a wide variety of criminal conduct leaves little doubt that the statute was also intended to reach a broad range of fraudulent activities by the use of the terms "scheme or artifice." Section 1001 has been used to prosecute individuals for: falsified sick leave requests, *United States v. Estus*, 544 F.2d 934 (8th Cir.1976); false statements made to an Internal Revenue Service auditor, *United States v. Fern*, 696 F.2d 1269 (11th Cir.1983); false statements to obtain medicare payments, *United States v. Gordon*, 548 F.2d 743 (8th Cir. 1977); and false statements in connection with loan applications submitted to the Small Business Administration, *United States v. Carter*, 526 F.2d 1276 (5th Cir. 1976).

In *Estus*, a postal employee was convicted on 7 counts of submitting false sick leave requests while employed as a mail clerk in the United States Postal Service, in violation of 18 U.S.C. § 1001. In interpreting that code section, the court noted that § 1001 had "been construed to provide an overall penalty for fraud upon the government no matter what other, more specific, statutes might provide." *Estus*, 544 F.2d at 935. Similarly, in *United States v. Burnett*, 505 F.2d 815 (9th Cir.1974), the defendants argued that they should have been prosecuted pursuant to 18 U.S.C. § 1919, which prohibited false statements to obtain unemployment benefits for prior federal service, rather than under the more general fraudulent statements provisions of 18 U.S.C. § 1001. The former offense was a misdemeanor while the latter offense was a felony. The defendants admitted that the terms of both statutes applied to their conduct, but argued that: (1) the specific statute relating to false statements to obtain unemployment benefits took precedence over the more general one; (2) the more recent statute took priority over the earlier one; and, (3) any conflicts in statu-

tory interpretations should have been resolved in favor of the defendants. *Burnett*, 505 F.2d at 816. The court noted that there was no indication in the legislative history that congress intended to bar application of 18 U.S.C. 1001 to conduct also punishable by 18 U.S.C. 1919. *Id.; see also Lewis v. United States*, 389 A.2d 306 (D.C. App.1978) (claimant who knowingly misrepresented amount of earnings to unemployment compensation board could properly be convicted of both unemployment compensation fraud as well as crime of false pretenses, because both offenses require different elements of proof).

"Where a single act violates more than one statute and there is no evidence of legislative intent to repeal one of them, the government has the option of prosecuting under either" as long as there is no discrimination against a class of defendants. *State v. O'Brien*, 123 Ariz. 578, 584, 601 P.2d 341, 347 (App.1979); *see also Fern*, 696 F.2d at 1274. Thus, *O'Brien* disposes of defendant's contention that the state should have only prosecuted him pursuant to A.R.S. §§ 13–2703 or –2704. Choosing the appropriate statute with which to charge defendant was a matter of prosecutorial discretion.

Like the statute discussed in *Haas*, we find that A.R.S. § 13–2311 was intended to be a broad remedial statute applicable to any plan, trick or device to perpetrate a fraud. Here, the numerous false, sworn statements by defendant, who failed to report the fact he was obtaining income by working, fell within the ambit of the statute. While he also may have been subject to prosecution pursuant to A.R.S. §§ 13–2703 or –2704, the prosecutor has discretion to pursue prosecution under A.R.S. § 13–2311. *See State v. Johnson*, 143 Ariz. 318, 321, 693 P.2d 973, 976 (App. 1984).

## 2. *Denial of Motion for Judgment of Acquittal*

■ Defendant argues that the evidence failed to establish that he knew his statements were false. He also argues that benefits received from an approved training program would not have disqualified him from receiving unemployment benefits and that there was no proof he had ever been informed of the need to obtain DES approval for his participation in the training program before he could receive benefits. Therefore, he concludes, the trial court erred in not granting a motion for directed verdict.

As noted above, the elements of A.R.S. § 13–2311 require that a defendant knowingly falsify or conceal a material fact or use a false writing pursuant to a plan, trick or device to defraud another. Whether a defendant has done so will usually be a question of fact for the jury. A motion for judgment of acquittal should be granted only where there is "no substantial evidence to warrant a conviction." Rule 20, Arizona Rules of Criminal Procedure; *State v. Clabourne*, 142 Ariz. 335, 345, 690 P.2d 54, 64 (1984). Substantial evidence may be either circumstantial or direct. *State v. Wiley*, 144 Ariz. 525, 539, 698 P.2d 1244, 1258 (1985). Circumstantial evidence has been defined as a trial witness's assertion of the existence of a fact from which the existence of the thing in issue may be reasonably and logically inferred. *Wiley;* M. Udall, *Arizona Law of Evidence* § 1 (1960). The evidence at trial showed that claimants of unemployment insurance benefits were required to file weekly certifications demonstrating their continuing eligibility for benefits, and that defendant was employed during the time periods that he submitted claim forms indicating he was unemployed and not receiving any work benefits. In a statement to a DES investigator, defendant acknowledged that he performed work and earned wages while employed. He was paid a salary of $200 per week, from which federal, state, and social security taxes were withheld. Evidence was also introduced that defendant had graduated from college, studied business and accounting, and had previously applied for unemployment insurance benefits. He had also reviewed pamphlets given to him by DES discussing eligibility requirements for unemployment benefits, including the requirement that participation in training programs had to be pre-approved in order

148

to maintain eligibility for payment of benefits.

The evidence at trial presented a question of fact for the jury's consideration with respect to defendant's violation of A.R.S. § 13-2311. The trial court properly denied defendant's motion for judgment of acquittal, as there was substantial evidence proving the commission of the offenses with which he was charged.

Judgment and sentences affirmed.

SHELLEY, P.J., and EUBANK, J., concur.