759 P.2d 648

**The STATE of Arizona, Appellee,**

v.

**C.B. JOHNSON, INC., Appellant.**

**No. 2 CA–CR 87–0440.**

Court of Appeals of Arizona, Division 2, Department A.

June 30, 1988.

Reconsideration Denied Aug. 10, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Phoenix, for appellee.

Ramon R. Alvarerz, Douglas, for appellant.

## OPINION

HATHAWAY, Judge.

This is an appeal from a conviction of C.B. Johnson, Inc., (Johnson) on nine counts of operating vehicles on the highways with loads in excess of 80,000 pounds, a class 2 misdemeanor, in violation of A.R.S. § 28–1009.01. We affirm.

Johnson, a trucking company, argues that the judgment of conviction should either be dismissed, because the superior court had no original jurisdiction, or that it should be remanded for retrial, because appellant should have been rearraigned when the information was amended to include charges under A.R.S. § 28–1052.[1] Johnson was originally charged as an enterprise, under A.R.S. § 13–305.[2] Johnson was found guilty of the nine overweight vehicle charges in a trial to the court and was fined a total of $116,450 and placed on one years' probation.

Johnson argues that the superior court did not have original jurisdiction to try the violation. Instead, it asserts that jurisdiction lies with either the justice court or the police court because a civil rather than a criminal sanction was appropriate. We disagree.

The superior court has concurrent jurisdiction with the justice court, because there is no clear language stating otherwise. See Ariz. Const. art. 6, § 14; A.R.S. § 28–1055. As the state asserts, in making a jurisdictional determination, the presumption is in favor of retention rather than divestiture of jurisdiction. *Daou v. Harris*, 139 Ariz. 353, 678 P.2d 934 (1984). We may not infer that the legislature meant to divest the superior court of jurisdiction, absent an explicit enunciation to that effect. Id. An example of the exclusive rather than concurrent jurisdictional language referred to by the *Daou* court is found in A.R.S. § 8–202(A).[3] Because there is no evidence of such language or contrary intent, we hold that the superior court had concurrent jurisdiction.

Johnson further argues that rearraignment was required under Ariz.R.Crim. P. 14.1, 17 A.R.S., when the information was amended to include A.R.S. § 28–1052. There is no dispute that a post-amendment rearraignment did not take place. However, appellant's reading of the rule ignores the purpose behind the arraignment process. "If the nature of the offense is not changed by the amendment, it will generally be considered an amendment to the information for which no rearraignment is necessary." *State v. Van Vliet*, 108 Ariz. 162, 164, 494 P.2d 34, 36 (1972). In the instant case, appellant was sufficiently apprised of the charges, no matter which statute those charges were brought under. The nature of the charges was not altered after the amendment, and appellant has demonstrated no prejudice as a result of that amendment.

---

1. § 28–1052. Offenses by persons owning or controlling vehicles; classification

 It is a class 2 misdemeanor for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of the vehicle upon a highway in any manner contrary to law.

2. A.R.S. § 13–305 provides, in part:

 A. Notwithstanding any other provisions of law, an enterprise commits an offense if:

2. The conduct undertaken in behalf of the enterprise and constituting the offense is engaged in, authorized, solicited, commanded or recklessly tolerated by the directors of the enterprise in any manner or by a high managerial agent acting within the scope of employment; or....

3. § 8–202. Jurisdiction of juvenile court

 A. The juvenile court has exclusive original jurisdiction over all proceedings brought under the authority of this chapter.

In fact, as a result of the amendment, the state was required to meet a higher burden of proof. A.R.S. § 28–1052 requires a showing of a knowing violation, while A.R.S. § 13–305 merely requires proof of recklessness. Therefore, an increased burden was placed upon the state, and not upon appellant, to show that Johnson had knowingly violated the weight requirements. In its minute entry of June 11, 1987, "the Court finds the State has borne the burden of proof to show the defendant *knowingly* followed a course of conduct which violated the law." (Emphasis added) Appellant has failed to demonstrate how it was prejudiced by the amendment, in that there was no substantive change in the nature of the charges against it, nor was its burden altered as a result.

Furthermore, as the state asserts, Ariz. R.Crim.P. 14.1(c), 17 A.R.S., does not require rearraignment in the instant case because this is an offense "triable in a non-record court, if the defendant's attorney has previously notified the court of his plea of not guilty." The defendant/appellant entered a plea of not guilty, and this offense was triable in a non-record court, even though the state chose to try it in the superior court.

 Finally, Johnson has failed to adequately explain why it should have been charged exclusively under A.R.S. § 28–1052. The state correctly argues that where an act violates more than one statute, absent legislative intent to repeal one of those statutes, the prosecutor has the option to proceed under either one. *State v. Sommer*, 155 Ariz. 145, 745 P.2d 203 (App.1987). There is no evidence of intent to repeal either one of the statutes at issue here, therefore the choice of statute was the option of the prosecutor.

Affirmed.

LACAGNINA, C.J., and HOWARD, P.J., concur.