2008 ND 69

STATE of North Dakota, Plaintiff and Appellee

v.

Jayson Glenn LOOMER, Defendant and Appellant.

Nos. 20070235, 20070236, 20070237, 20070238, 20070239.

Supreme Court of North Dakota.

April 17, 2008.

Fallon M. Kelly, State's Attorney, Lisbon, ND, for plaintiff and appellee.

Robin L. Olson, Olson Law Office, Grand Forks, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Jayson Loomer appealed from judgments of conviction entered after he was found guilty of five counts of terrorizing and sentenced to two years imprisonment on each charge. We affirm the district court's judgments and sentences.

## I.

[¶ 2] In April 2006, Loomer was charged with seven counts of reckless endangerment after he fired a shotgun near teenagers in a school parking lot in Sheldon, North Dakota. The Complaints did not mention firearm use specifically but cited N.D.C.C. § 12.1–32–02.1 and Chapter 12.1–32 as penalty sections. Chapter 12.1–32, N.D.C.C., deals with penalties and sentencing and N.D.C.C. § 12.1–32–02.1 provides mandatory prison terms for armed offenders. In August 2006, Amended Complaints were issued changing the charges to seven counts of terrorizing in violation of N.D.C.C. § 12.1–17–04. The Amended Complaints cited N.D.C.C. § 12.1–32–02.1 and Chapter 12.1–32 as penalty sections but did not mention firearm use specifically.

[¶ 3] At an October 2007 preliminary hearing, the district court told Loomer the minimum mandatory sentence for each terrorizing charge was one year in prison. The day of the preliminary hearing, seven Informations were issued specifically for the offense of terrorizing, in violation of N.D.C.C. § 12.1–17–04. The Informations mentioned Loomer's firearm use and cited "Penalty Section 12.1–32 of North Dakota Century Code." Loomer was found guilty of five counts of terrorizing after a bench trial. Prior to sentencing, the district court notified Loomer that the correct minimum mandatory sentence for each charge was two years imprisonment.

Loomer was sentenced to two years imprisonment on each charge, with the sentences to run concurrently.

## II.

[¶ 4] Loomer argues he was denied due process when the district court incorrectly informed him of the minimum mandatory sentence. A court must inform a defendant of any mandatory minimum penalty before accepting a plea of guilty. N.D.R.Crim.P. 11(b)(1)(H). For a not guilty plea, the Rules of Criminal Procedure do not require specific notice of a mandatory minimum sentence. *City of Fargo v. Bommersbach,* 511 N.W.2d 563, 565 (N.D.1994). The district court was not required to advise Loomer of the minimum mandatory sentence because he was entering a plea of not guilty. Even if specific notice at an arraignment of a mandatory minimum sentence for a not guilty plea was required, noncompliance would not constitute reversible error absent prejudice to the defendant. *Id.* Loomer argues prejudice resulted because the district court likely would not have sentenced him to two years on each charge but for the two year mandatory minimum sentence. There is no evidence in the record to support this contention. Loomer does not argue that he would have defended his case differently or changed his plea had he known the correct mandatory minimum sentence. He has failed to show prejudice resulting from the district court's erroneous statement at his preliminary hearing regarding the minimum mandatory sentence.

## III.

[¶ 5] Loomer also argues he was denied due process because the Informations were substantially different from the Amended Complaints and the proper procedure was not followed to alter the Informations.

[¶ 6] When deciding a due process claim, we consider whether a constitutionally protected property or liberty interest is at stake and, if so, whether minimum procedural due process requirements were met. *Whitecalfe v. N.D. Dept. of Transp.,* 2007 ND 32, ¶ 20, 727 N.W.2d 779. Procedural due process is analyzed by applying a balancing test, considering three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* (citation omitted). A defendant has a constitutionally protected right under the sixth amendment to be advised of the charges against him. *See City of Grand Forks v. Mata,* 517 N.W.2d 626, 628 (N.D. 1994).

[¶ 7] The complaint is a written statement of the essential facts constituting the elements of the offense charged and is the initial charging document for all criminal offenses. N.D.R.Crim.P. 3(a). All felony prosecutions in the district court must be by indictment after grand jury inquiry or information after preliminary examination. N.D.R.Crim.P. 7(a)(1). An information must be a plain, concise, and definite written statement of the essential facts constituting the elements of the offense charged. N.D.R.Crim.P. 7(c)(1). When a felony is initially charged by complaint, the subsequent prosecution must be by indictment or information. N.D.R.Crim.P. 7, Explanatory Note. There is no requirement that an information duplicate a complaint.

Rather, a complaint and information are separate documents.

## IV.

[¶ 8] Loomer also argues the Informations lacked proper allegations of firearm use, making the minimum mandatory sentence for armed offenders inapplicable to his case.

[¶ 9] The Informations contained proper firearm allegations and the minimum mandatory sentence for armed offenders was correctly applied to this case. A mandatory minimum sentence will apply "when possession of a ... firearm has been charged and admitted or found to be true in the manner provided by law." N.D.C.C. § 12.1–32–02.1. The district court found Loomer's firearm possession to be proven after his bench trial so our analysis focuses on whether Loomer's possession of a firearm was properly charged. The statement in the Informations that Loomer placed the victims in fear of their safety by "discharging a firearm in the immediate area of the victim in the City of Sheldon causing the victim to flee in fear of his life" was a sufficient charge of firearm possession under N.D.C.C. § 12.1–32–02.1. *See State v. Meier*, 447 N.W.2d 506, 510 (N.D.1989) (upholding an Information alleging use of a rifle even if the Information does not contain the specific language of N.D.C.C. § 12.1–32–02.1).

[¶ 10] Rule 7(c)(1), N.D.R.Crim.P., states, "For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law which the defendant is alleged to have violated." The Informations cited the terrorizing statute, N.D.C.C. § 12.1–17–04. Section 12.1–32–02.1, N.D.C.C., a penalty provision, does not require that the statute be cited in an information. Because neither the statute nor the rule require the citation to the penalty statute, the citation to ch. 12.1–32 is mere surplusage and the failure to cite specifically to N.D.C.C. § 12.1–32–02.1 is not an error or omission in citation.

[¶ 11] Unless a defendant was prejudicially misled, neither an error in the citation nor its omission is a ground to dismiss the indictment or information or to reverse a conviction. N.D.R.Crim.P. 7(c)(2). Even if we were to hold there was an error in the citation or omission of a citation, which we do not, Loomer has nonetheless failed to demonstrate that he was prejudicially misled by the error or omission. The underlying charge in the Amended Complaints and Informations did not change. Loomer pled not guilty and exercised his right to a trial. The Complaints and Amended Complaints referenced N.D.C.C. § 12.1–32–02.1 and ch. 12.1–32. There was extensive questioning at the preliminary hearing regarding Loomer's firearm use. The district court informed Loomer at the preliminary hearing that the State was making firearm allegations, stating "[T]hey do allege the discharge of a firearm so that would invoke a minimum penalty in these charges." Finally, the Informations described Loomer's firearm use. The record conclusively shows Loomer had sufficient notice of the possible application of N.D.C.C. § 12.1–32–02.1 to his terrorizing charges and was not prejudicially misled by the reference to N.D.C.C. ch. 12.1–32 instead of N.D.C.C. § 12.1–32–02.1.

[¶ 12] We affirm the district court's judgments and sentences.

[¶ 13] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DALE V. SANDSTROM and DANIEL J. CROTHERS, JJ., concur.