2009 ND 41

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Derek Lynn FOREID, Defendant and Appellant.**

**No. 20080128.**

Supreme Court of North Dakota.

April 2, 2009.

Rozanna Christine Larson, Assistant State's Attorney, Minot, for plaintiff and appellee.

Robert Wade Martin, North Dakota Public Defenders' Office, Minot, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Derek Foreid appeals from an amended criminal judgment entered after a jury found him guilty of gross sexual imposition. We conclude the district court did not abuse its discretion in permitting the State to amend the information, and the court did not err in denying Foreid's request for a jury instruction on a lesser included offense. We affirm.

I

[¶ 2] In September 2006, the State filed a complaint charging Foreid with gross sexual imposition for allegedly using force to compel K.N. to submit to sexual

intercourse against her will on June 13, 2006. On November 9, 2006, a preliminary hearing was held, and the district court found there was probable cause to believe Foreid committed the offense. The State filed an information charging Foreid with gross sexual imposition under N.D.C.C. § 12.1–20–03(1)(a). The information stated the offense is a class A felony. Foreid was arraigned and entered a plea of not guilty.

[¶ 3] In January 2007, the State moved to amend the information to correct a mistake in the classification of the charged offense, stating:

> Pursuant to an amendment to the gross sexual imposition statute in 2005, offenses charged under 12.1–20–03(1)(a) are classified as a AA Felony ... prior to August 2005, these offenses were a class A Felony. As such, a mistake was made in the charging document and should be amended to reflect the classification of AA Felony.

The amended information was attached to the motion to amend, which was filed and is included in the record. The amended information charged Foreid with gross sexual imposition under N.D.C.C. § 12.1–20–03(1)(a), but changed the classification of the offense from a class A felony to a class AA felony. Foreid objected to the State's motion, arguing the State should not be allowed to amend the information, because the amended information charged him with a more serious offense and would result in substantial prejudice. The court granted the State's motion over Foreid's objection. The State did not file a separate amended information after the court granted its motion, and the amended information is not listed in the Clerk of District Court's register of actions.

[¶ 4] During the December 2007 jury trial, both Foreid and K.N. testified about what occurred on June 13, 2006. K.N. testified she was intoxicated, but she remembers waking up in the back of Foreid's pickup truck with Foreid on top of her. She testified Foreid attempted to have sexual intercourse with her, and she tried to wiggle her hips and roll away from him to stop him but her arms felt like they were weighed down. K.N. testified she told Foreid no, that it hurt, and to get off her, but he penetrated her once and it was done. Foreid testified he had sexual intercourse with K.N., but it was consensual and she did not tell him to stop or that it hurt. Other witnesses who had spent time with Foreid and K.N. on June 13 and two physicians and a nurse who treated K.N. in the emergency room following the incident also testified. After both parties presented their cases, Foreid requested a jury instruction on the lesser included offense of sexual assault, and the court denied Foreid's request. The jury found Foreid guilty, and he was sentenced to serve twenty years in prison with ten years suspended.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal from the amended criminal judgment was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

II

[¶ 6] Foreid argues the district court erred in allowing the State to amend the information. Foreid also contends his substantive due process rights were violated when the criminal prosecution proceeded without the amended information properly filed and without a preliminary hearing or arraignment on the amended information.

A

[¶ 7] Foreid argues the district court erred in granting the State's request to

amend the information because the amended information changed the classification of the offense from a class A felony to a class AA felony and charged "an additional or different offense."

[¶ 8] "Unless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding." N.D.R.Crim.P. 7(e). We review the district court's decision to allow an information to be amended for an abuse of discretion. *State v. Vance*, 537 N.W.2d 545, 547 (N.D.1995).

[¶ 9] The initial information charged Foreid with gross sexual imposition under N.D.C.C. § 12.1–20–03(1)(a), and stated the offense was a class A felony. However, N.D.C.C. § 12.1–20–03 was amended in 2005, changing a violation of subdivision a of subsection 1 from a class A felony to a class AA felony. Section 12.1–20–03(3)(a), N.D.C.C., provides:

> An offense under this section is a class AA felony if in the course of the offense the actor inflicts serious bodily injury upon the victim, if the actor's conduct violates subdivision a of subsection 1, or if the actor's conduct violates subdivision d of subsection 1 and the actor was at least twenty-two years of age at the time of the offense.

All other violations of N.D.C.C. § 12.1–20–03 are class A felonies. N.D.C.C. § 12.1–20–03(3)(b).

[¶ 10] Foreid was charged with violating N.D.C.C. § 12.1–20–03(1)(a), which is a class AA felony under the statute. The initial information incorrectly stated the offense was a class A felony. When a statute specifically states the classification of an offense, the State cannot change the required classification when it charges an individual with committing the offense. *See* N.D.C.C. § 12.1–01–02(2) and (3) (pur-

pose of grading offenses is to define the limits in punishment and give fair warning of the consequences of violation, and to prescribe penalties proportionate to the seriousness of the offenses). The amended information corrected an error in the stated classification of the charged offense, and the change was made to comply with the statute. The mistake in the classification in the initial information was a clerical error, and amending the information to correct the error did not charge an additional or different offense. *Cf.* N.D.R.Crim.P. 7(c)(2) (error in citation in an information is not ground to reverse a conviction); *State v. Ennen*, 496 N.W.2d 46, 49 n. 3 (N.D.1993) (reference in the information to a statute's subsection that did not exist was error but not ground for reversal); *State v. Maghee*, 573 N.W.2d 1, 5–6 (Iowa 1997) (amendment to change charged offense from class C felony to class B felony corrected error and did not charge a new or different offense). The initial and amended informations charged the same offense, under the same set of facts, with the same elements and culpability requirement. We conclude the amended information corrected a clerical error and did not charge an additional or different offense.

[¶ 11] Further, Foreid was not prejudiced by the amended information. *Cf. State v. Loomer*, 2008 ND 69, ¶ 11, 747 N.W.2d 113 (defendant was not prejudicially misled by the failure to cite the penalty statute in the information, the underlying charge in the amended information did not change, and defendant had sufficient notice of the possible application of the penalty statute); *Maghee*, 573 N.W.2d at 6 (defendant was unable to show he was prejudiced by the amended information changing the charged offense from a class C felony to a class B felony, and he did not request a continuance or

change his defense strategy). Although Foreid claims he was surprised by the change and the amended information resulted in substantial prejudice because an accused should know the seriousness of the charge when preparing for trial, Foreid had sufficient notice of the amended information to allow him to adequately prepare for trial. The State moved to amend the information in January 2007, and the trial did not begin until December 2007. Foreid knew of the State's motion to amend the information and he objected to the motion, arguing the amended information would result in substantial prejudice, but he did not request a continuance to allow more time to prepare for the trial. Foreid did not claim his defense strategy would have changed if he had been initially charged with a class AA felony. Foreid had almost a year from the time the information was amended until the trial and had sufficient time to adjust his defense strategy because of the amendment. Moreover, Foreid did not receive a longer sentence than he could have received if the court had denied the State's request to amend the information. Foreid received a sentence of twenty years in prison with ten years suspended, which is within the range of sentences for a class A felony. Foreid has not established he was substantially prejudiced by the court's decision to allow the State to amend the information. We conclude the district court did not abuse its discretion in permitting the State to amend the information.

### B

[¶ 12] Foreid contends his due process rights were violated because the amended information was never properly filed and a preliminary hearing and arraignment were not held. Foreid did not raise this issue before the district court, but claims it is obvious error.

[¶ 13] An issue not raised before the district court, including a constitutional issue, generally will not be addressed on appeal unless the issue rises to that of an obvious error under N.D.R.Crim.P. 52(b). *State v. Parisien*, 2005 ND 152, ¶ 17, 703 N.W.2d 306. We exercise our power to notice obvious error only in exceptional circumstances when the defendant has suffered serious injustice. *State v. Bertram*, 2006 ND 10, ¶ 17, 708 N.W.2d 913. The defendant must show the error was prejudicial or affected the outcome of the proceedings. *Id.*

[¶ 14] A new preliminary hearing is not always required when an information is amended. "The purpose of a preliminary hearing is to determine whether there is probable cause for the charged offenses and to decide whether a trial should be held to determine the accused's guilt or innocence." *State v. Keener*, 2008 ND 156, ¶ 26, 755 N.W.2d 462. A new preliminary hearing is not required when an information is amended if the amended information charges a crime under the same set of facts, with the same culpability requirements, and requires proof of the same elements as the initial information. *State v. Bourbeau*, 250 N.W.2d 259, 266 (N.D.1977). Further, the right to a preliminary hearing is a statutory right, and the defendant may waive that right if he does not object to the information before entering a plea. N.D.C.C. § 29–09–02(3). Similarly, re-arraignment is not essential after an information is amended unless there was a material change in the information. *See State v. C.B. Johnson, Inc.*, 157 Ariz. 502, 759 P.2d 648, 649 (Ct.App. 1988); *State v. Jones*, 587 So.2d 787, 790–91 (La.Ct.App.1991); *Burgin v. State*, 847 S.W.2d 836, 838 (Mo.Ct.App.1992); *Terry v. Commonwealth*, 253 S.W.3d 466, 476 (Ky.2007). The failure to comply with requirements for a proper arraignment is an

irregularity that must be raised before trial, or reversal of the conviction will not be warranted. N.D.R.Crim.P. 10, explanatory note.

[¶ 15] A preliminary hearing was held, and Foreid was arraigned on the initial information charging him with gross sexual imposition under N.D.C.C. § 12.1–20–03(1)(a). After hearing testimony from the victim and other witnesses, the district court found there was probable cause to believe Foreid committed the offense, and Foreid entered a not guilty plea. Although the amended information does not appear as a separate entry in the register of actions, the amended information was filed as an attachment to the State's motion to amend and is in the record. Foreid had notice of the amendment, he objected to the amendment, and after considering Foreid's objection, the district court granted the State's motion to amend the information. The amended information charged Foreid with gross sexual imposition under N.D.C.C. § 12.1–20–03(1)(a), the same offense charged in the initial information. The amended information corrected a mistake in the classification of the charged offense, which did not change the facts, culpability requirement, or the elements of the offense. Foreid was not charged with a new or different offense, the offense and its culpability requirements and elements did not change, and the facts the charge was based on remained the same. Foreid therefore was not entitled to a new preliminary hearing or arraignment. Moreover, Foreid did not request a new arraignment or preliminary hearing, and he did not raise this issue before the district court. We conclude Foreid's due process rights were not violated, and the district court did not commit an obvious error affecting Foreid's substantial rights.

## III

[¶ 16] Foreid argues the district court erred in denying his request for a jury instruction on the lesser included offense of sexual assault. The State argues sexual assault is not a lesser included offense of gross sexual imposition.

[¶ 17] A defendant does not have a constitutional right to an instruction on a lesser included offense. *State v. Keller*, 2005 ND 86, ¶ 10, 695 N.W.2d 703. We are reluctant to require instruction on a lesser included offense because it may lead the jury to compromise and may result in less reliable verdicts. *State v. Morales*, 2004 ND 10, ¶ 18, 673 N.W.2d 250. A court should give a requested instruction on a lesser included offense if the offense is a lesser included offense of the greater, and if the evidence is such that a jury could rationally find the defendant not guilty of the greater offense and guilty of the lesser offense. *Keller*, at ¶ 14.

[¶ 18] A person is guilty of gross sexual imposition under N.D.C.C. § 12.1–20–03(1)(a) if he engages in a sexual act with another, or causes another to engage in a sexual act, and he "compels the victim to submit by force or by threat of imminent death, serious bodily injury, or kidnapping, to be inflicted on any human being. . . ." Foreid claims he was entitled to a jury instruction on the lesser included offense of sexual assault under N.D.C.C. § 12.1–20–07(1)(a). A person is guilty of the offense of sexual assault if he knowingly has sexual contact with another person and "knows or has reasonable cause to believe that the contact is offensive to the other person. . . ." N.D.C.C. § 12.1–20–07(1)(a). Although the State argues Foreid was not entitled to a jury instruction on sexual assault because it is not a lesser included offense of gross sexual imposition, this Court has said sexual assault is a lesser included offense. *State v. McDonell*, 550

N.W.2d 62, 63 (N.D.1996); *Vance*, 537 N.W.2d at 548.

[¶ 19] "For a lesser-included-offense instruction, there must be evidence on which a jury could rationally find beyond a reasonable doubt that the defendant is not guilty of the greater offense and to find beyond a reasonable doubt that the defendant is guilty of the lesser." *Keller*, 2005 ND 86, ¶ 31, 695 N.W.2d 703. The purpose of this requirement "is to avoid a jury conviction on the lesser offense based on sympathy for the defendant or an attempt to reach a compromise even though the evidence does not support such a conviction." *State v. Clinkscales*, 536 N.W.2d 661, 664 (N.D.1995).

[¶ 20] Neither party disputes that Foreid engaged in sexual intercourse with K.N. The State argued and presented evidence that K.N. was forcibly raped, including testimony from K.N. that she said no, she told Foreid to stop, she said it hurt, and she tried to stop him but was unable to move her arms because they felt weighed down. Foreid contested only the issue of consent and testified K.N. had consented to the act and he did not hear her say no, to stop, or that it hurt. Because the only issue was consent, if the jury believed Foreid's testimony that the act was consensual, it would create a defense to both offenses, and he could not be found guilty of either sexual assault or gross sexual imposition. *See McDonell*, 550 N.W.2d at 63–64. Under the facts of this case, the evidence would not permit a jury to rationally find Foreid guilty of sexual assault and not guilty of gross sexual imposition, and therefore Foreid was not entitled to a jury instruction on the lesser included offense.

## IV

[¶ 21] We affirm, concluding the district court did not abuse its discretion in allowing the State to amend the information or err in denying Foreid's request for a jury instruction on a lesser included offense.

[¶ 22] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.