Filed 7/12/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 125

Derek Lynn Foreid, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20120105

Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Per Curiam.

Travis W. Finck, 314 East Thayer Avenue, Suite 200, Bismarck, ND 58504, for petitioner and appellant.

Ashley E. Beall, Assistant State’s Attorney, P.O. Box 5005, Minot, ND 58702-

5005, for respondent and appellee.

Foreid v. State

No. 20120105

 

Per Curiam.

[¶1] Derek Lynn Foreid appealed from a district court order summarily dismissing his second petition for post-conviction relief.  In 2007, Foreid was convicted of gross sexual imposition, and this Court affirmed the conviction.  
State v. Foreid
, 2009 ND 41, 763 N.W.2d 475.  Foreid subsequently filed a petition for post-conviction relief, which the district court summarily dismissed.  This Court affirmed the dismissal on appeal.  
Foreid v. State
, 2011 ND 16, 798 N.W.2d 878.

[¶2] On appeal, Foreid argues the district court clearly erred in denying his petition for post-conviction relief because the jury instruction on the definition of force within the charge of gross sexual imposition was inadequate.  The State argues Foreid’s argument is barred by misuse of process because it was not raised in his previous petition for post-conviction relief.  Foreid did not raise this issue in the proceeding leading to his conviction, in the direct appeal of his conviction, or in his first petition for post-conviction relief.  We summarily affirm under N.D.R.App.P. 35.1(a)(6) and (7).  
See
 
Heyen v. State
, 2001 ND 126, ¶¶ 7, 11, 630 N.W.2d 56 (holding a claim for post-conviction relief was barred by misuse of process when petitioner inexcusably failed to raise the issue in a direct appeal or in the initial petition for post-conviction relief); 
Syvertson v. State
, 2000 ND 185, ¶ 18, 620 N.W.2d 362 (explaining a misuse of process occurs if a defendant inexcusably fails to: (1) raise an issue in a proceeding leading to a judgment of conviction; (2) pursue an issue on appeal that was raised and litigated  in the  original district court proceedings; or (3) raise an issue in an initial petition for post-conviction relief).

[¶3] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner