# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

2019 ND 79

---

City of Fargo,             Plaintiff and Appellee

v.

Jared James Nikle,          Defendant and Appellant

---

No. 20180292

---

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Susan L. Bailey, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

William B. Wischer (argued), Assistant City Attorney, and Ian R. McLean (appeared), Fargo, ND, for plaintiff and appellee.

William Kirschner, Fargo, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]    Jared Nikle appeals from a criminal judgment after the district court found him guilty of actual physical control while under the influence in violation of Fargo Municipal Code §  08-0310.  On appeal, Nikle argues he was entitled to a jury instruction on the affirmative defense of necessity.  We conclude Nikle failed to meet his burden in raising the affirmative defense, and therefore we affirm the criminal judgment.

I

[¶2]    In January 2018, Nikle was charged with actual physical control in violation of Fargo Municipal Code § 08-0310 after law enforcement officers found Nikle intoxicated and sleeping in his car with the engine running.  Fargo Municipal Code § 08-0310 reads, in pertinent part:

> A.    No person shall drive, or be in actual physical control of, any vehicle upon any street, highway, public or private parking lot, or other public or private property in this city if said person is under the influence of intoxicating liquor or controlled substances.  Being under the influence of intoxicating liquor or controlled substances shall be as defined by chapter 39-08 of the North Dakota Century Code including any amendments hereafter adopted.  All other relevant and applicable statutes of the state of North Dakota relating to driving under the influence of intoxicating liquor or controlled substances are also incorporated herein by reference and made a part hereof.

[¶3]    Before the scheduled jury trial, Nikle requested the district court include a jury instruction on the affirmative defense of necessity.  After receiving a brief submitted by the City opposing the instruction and hearing Nikle's argument at the pretrial conference, the court denied the request to include the necessity instruction, finding it was not "currently supported by North Dakota law."  The court also looked into the possibility of an instruction on the excuse defense and found that instruction

inapplicable as well. *See* N.D.C.C. § 12.1-05-08. Following the denial, Nikle conditionally waived his right to a jury trial, expressly reserving his right to appeal the court's denial of his requested jury instruction on necessity, and agreed to proceed by presenting stipulated facts followed by a bench trial.

[¶4] The stipulated facts indicated that on December 30, 2017, Nikle was in Fargo celebrating a friend's birthday and after consuming alcohol he returned to his car to charge his cell phone. He started his car to enable the cell phone charger to work, turned on the heat, and waited for his phone to charge so he could call his daughter for a ride. While waiting for his phone to charge, he fell asleep. Law enforcement officers found Nikle's car parked with the engine running, headlights on, and Nikle asleep in the driver's seat. The officers awoke Nikle by knocking on the window. Nikle admitted he had consumed alcohol; he appeared confused, had slurred speech, and smelled of alcohol. The officers had Nikle perform field sobriety tests which he failed. Nikle was transported to the jail where an Intoxilyzer test was administered, indicating a result above the legal limit.

[¶5] The district court found Nikle guilty of the charge of driving under the influence, as referenced by the Fargo City Ordinance.

II

[¶6] Nikle argues the district court erred by denying his request to include a jury instruction on the affirmative defense of necessity. Rule 30, N.D.R.Crim.P., allows parties to request and object to proposed jury instructions. "Generally, this Court reviews jury instructions as a whole to determine whether the instructions fairly and adequately informed the jury of the applicable law." *State v. Zajac*, 2009 ND 119, ¶ 12, 767 N.W.2d 825 (citations omitted). In *Lehman*, this Court reiterated its standard for reviewing jury instructions:

> We view the evidence in the light most favorable to the defendant to
> determine whether there is sufficient evidence to support a jury
> instruction. A trial court errs if it refuses to instruct the jury on an issue
> that has been adequately raised. A court, however, may refuse to give
> an instruction that is irrelevant or inapplicable.

2010 ND 134, ¶ 12, 785 N.W.2d 204 (citing *State v. Ness*, 2009 ND 182, ¶ 13, 774 N.W.2d 254); *see also State v. Kleppe*, 2011 ND 141, ¶ 12, 800 N.W.2d 311. In jurisdictions where necessity is recognized, necessity is an affirmative defense. *State v. Miller*, 812 S.E.2d 692, 694 (N.C. Ct. App. 2018); *Axelberg v. Comm'r of Pub. Safety*, 831 N.W.2d 682, 684 (Minn. Ct. App. 2013). An affirmative defense jury instruction will only be given if there is evidence to support it, and the proponent bears the burden of proving the affirmative defense by a preponderance of the evidence. *State v. Holte*, 2001 ND 133, ¶ 13, 631 N.W.2d 595 (citing *State v. Michlitsch*, 438 N.W.2d 175, 178 (N.D. 1989)); N.D.C.C. § 12.1-01-03(3); *see also State v. White*, 390 N.W.2d 43, 45 n.1 (N.D. 1986) (discussing the difference between pleading an "affirmative defense" and a "defense"). "In evaluating whether the district court abused its discretion in instructing the jury, we will first determine whether the district court committed error in its instruction, and then, if so, whether that error was harmless." *Haider v. Moen*, 2018 ND 174, ¶ 6, 914 N.W.2d 520 (quoting *Rittenour v. Gibson*, 2003 ND 14, ¶ 15, 656 N.W.2d 691).

### III

[¶7]    Nikle was charged with actual physical control while under the influence of intoxicating liquor under Fargo Municipal Code § 08-0310. The relevant portion of the city ordinance is similar to, and specifically incorporates by reference, the definitions and relevant statutes under N.D.C.C. ch. 39-08, and is the equivalent to a violation under N.D.C.C. § 39-08-01. We have previously determined N.D.C.C. § 39-08-01 is a strict liability offense, meaning there is no culpability requirement. *See State v. Montplaisir*, 2015 ND 237, ¶ 33, 869 N.W.2d 435; *State v. Glass*, 2000 ND 212, ¶ 21, 620 N.W.2d 146. Although we have not previously addressed strict liability and actual physical control, neither the city ordinance nor N.D.C.C. § 39-08-01 specify a culpability requirement.

[¶8]    The defense of necessity is not codified in North Dakota. Nikle acknowledges that North Dakota has never expressly recognized the necessity defense, but argues

3

that our prior caselaw has not expressly rejected it. *See State v. Sahr*, 470 N.W.2d 185, 191 (N.D. 1991) (concluding it was not necessary to determine the precise scope of the necessity defense available in this state when the defendants' conduct "may not be justified under any reasonable formulation of the necessity defense"); *State v. Manning*, 2006 ND 125, ¶ 10, 716 N.W.2d 466 (considering a district court's admission of evidence on the necessity defense at trial but declining to decide whether necessity is a valid defense in North Dakota). The theory of necessity does not negate an element of the crime, rather it represents a public policy decision not to punish an individual despite proof of the crime. *People v. Heath*, 207 Cal. App. 3d 892, 901 (1989). However, this Court also stated, "[t]he broad notion of necessity, however, is not one of the particular justifications authorized in NDCC Ch. 12.1-05 and has not yet been recognized by this court." *Sahr*, 470 N.W.2d at 188.

[¶9]    Nikle's requested jury instructions stated:

> Mr. Nikle contends that he acted out of necessity. Necessity legally excuses the crime charged.
>
> Mr. Nikle must prove necessity by a preponderance of the evidence. A preponderance of the evidence means that you must be persuaded that the things Mr. Nikle seeks to prove are more probably true than not true. This is a lesser burden of proof than the government's burden to prove beyond a reasonable doubt each element of Driving Under the Influence of Alcohol[.]
>
> Mr. Nikle acted out of necessity only if at the time of the crime charged:
>
> 1. He was faced with a choice of evils and chose the lesser evil;
> 2. He acted to prevent imminent harm;
> 3. He reasonably anticipated his conduct would prevent such harm; [and]
> 4. [T]here were no other legal alternatives to violating the law.
>
> If you find that each of these things has been proved by a preponderance of the evidence, you must find the defendant not guilty.

Here, the district court denied the requested instruction by stating the necessity defense was not supported by North Dakota law. We need not decide whether the

4

common law necessity defense should apply under North Dakota law because even if it did, the facts here do not support the defense.

[¶10]   For the district court to even consider applying the proposed instruction, Nikle had the burden to present evidence on each element of the affirmative defense he sought to include.  Element four of the proposed necessity instruction required the defendant show there were no other legal alternatives to violating the law.  Because Nikle waived a trial by jury, the only facts available are those stipulated by both parties and the Intoxilyzer test record and checklist.  According to the stipulated facts, Nikle was attending his friend's birthday party.  The only person he knew at the party was his friend.  Nikle left the party at 8 p.m. and "went to his car to charge his cell phone, as he only had a car charger and the phone was dead."  After starting the car to enable the phone charger to work, he fell asleep.  It is unclear from the record whether Nikle made any effort to seek lawful alternatives or if not, why none were available to him.  There is no evidence Nikle was prevented from returning to the party, borrowing another attendee's phone to call for a ride, asking an attendee for a ride, or asking to stay at the home where the party was hosted.

[¶11]   In *State v. Nelson*, 36 P.3d 405 (Mont. 2001), the defendant became intoxicated at a bar and was found sitting in his car asleep with the door ajar, the engine running, and music blaring.  After he was awakened by law enforcement officers, he refused to undergo field sobriety tests and later declined to give blood or breath samples.  *Id.* at 406.  At trial, he requested a jury instruction on the defense of necessity, arguing he was waiting for someone to pick him up at the bar but that the cold weather necessitated he wait in his vehicle.  *Id.*  The court in *Nelson* held the defense of necessity was inapplicable where there were clearly alternatives to waiting in the running car and the defendant was not blameless in creating the emergency.  *Id.* at 407.  As noted in *Nelson*, "[t]his was a self-created predicament that had multiple solutions."  *Id.*  Likewise, in *Commonwealth v. Kendall*, the court held a defendant did not present sufficient evidence to support the affirmative defense of necessity when nothing in the record showed he made any effort to seek assistance from anyone

5

prior to driving while intoxicated; there was no evidence showing he tried to contact a neighbor, dial 911, or get help from nearby establishments. 883 N.E.2d 269, 274 (Mass. 2008) ("This is not a case where, because of location or circumstances, there were *no* legal alternatives for abating . . . the danger . . . [m]oreover, there has been no showing by the defendant that available alternatives would have been ineffective, leaving him with no option but to drive while intoxicated.").

[¶12] Like the defendants in *Nelson* and *Kendall*, Nikle has not shown there were no legal alternatives.

[¶13] Therefore, we conclude the district court did not abuse its discretion by denying Nikle's request for a jury instruction on the affirmative defense of necessity.

IV

[¶14] We affirm the district court's judgment.

[¶15] Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Daniel J. Crothers
Gerald W. VandeWalle, C.J.

6