# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 48

State of North Dakota,                                    Plaintiff and Appellee

     v.

Kelvin Antone McAllister,                           Defendant and Appellant

## No. 20190188

Appeal from the District Court of Mountrail County, North Central Judicial District, the Honorable Gary H. Lee, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Wade G. Enget, Stanley, ND, for plaintiff and appellee.

Eric P. Baumann, Minot, ND, for defendant and appellant.

**State v. McAllister**
**No. 20190188**

**Jensen, Chief Justice.**

[¶1]   Kelvin McAllister appeals from a criminal judgment and order for restitution after a jury found him guilty of assault.  He raises various claims of error based on the proceedings at trial, and he asserts the district court erred when it ordered him to pay restitution.  We affirm.

I

[¶2]   The State charged McAllister with aggravated assault on September 19, 2018.  The district court held a two-day jury trial in May of 2019.  The jury reviewed video footage of a physical altercation that occurred at a grocery store in New Town, North Dakota, between McAllister and the victim.  Both were employees of the grocery store.  McAllister was on duty at the time of the incident; the victim was not.  The jury also heard testimony from an officer who responded to the scene, the victim, an eye witness, and McAllister himself.  The jury convicted McAllister of the lesser-included offense of assault.  The court held a separate restitution hearing and ordered restitution in the amount of $32,063.68.

II

[¶3]   McAllister asserts his right to an impartial jury was violated.  He argues the district court erred when it denied various challenges for cause he made because jurors either knew the prosecuting attorney or had been the prosecuting attorney's clients.  He also claims that due to the aggregate effect of the jurors' familiarity with the prosecutor the court should have granted his motion for a mistrial.

[¶4]   The Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, guarantees those accused of a crime the right to a trial by an impartial jury.  *State v. Smaage*, 547 N.W.2d 916, 919 (N.D. 1996).  An impartial jury is one that is composed of individuals

who are "indifferent" or "impartial" and willing to base their verdict solely on the evidence presented. *Morgan v. Illinois*, 504 U.S. 719, 727 (1992).

A

[¶5] McAllister first argues the district court erred when it denied his challenge for cause to various jurors who stated they either knew the prosecuting attorney or had been the prosecuting attorney's client.

[¶6] We review a district court's decision on a challenge for cause for an abuse of discretion. *State v. Thompson*, 552 N.W.2d 386, 388 (N.D. 1996). An abuse of discretion occurs if the court acts in an arbitrary, unconscionable, or unreasonable manner. *Id.*

[¶7] "An attorney-client relationship is one of the exclusive 'causes' of an implied bias that warrants dismissal of a juror." *Thompson*, 552 N.W.2d at 388; *see also* N.D.C.C. § 29-17-36(2). It is not an abuse of discretion to deny a challenge for cause based on an attorney-client relationship unless the record shows "a direct and current client relationship of a juror with the attorney for the opposite party." *Thompson*, at 388*; see also Smaage*, 547 N.W.2d at 919-20.

[¶8] There is no evidence in the record that any of the jurors were clients of the prosecuting attorney at the time of trial. The jurors who stated they knew the prosecuting attorney or were familiar with him all affirmed they would be impartial. We conclude the district court did not abuse its discretion when it denied McAllister's challenges for cause.

B

[¶9] McAllister next asserts he was prejudiced by the aggregate effect of the various jurors' familiarity with the prosecuting attorney. McAllister moved for a mistrial pursuant to N.D.C.C. § 29-17-19, which allows for a challenge to the jury panel as a whole when there has been a material departure from the statutory process of drawing a jury. Whether a jury was impaneled according to statutory requirements is a mixed question of law and fact that we review de novo. *State v. Torgerson*, 2000 ND 105, ¶ 3, 611 N.W.2d 182.

[¶10] Section 29-17-19, N.D.C.C., states:

> A challenge to a panel can be founded only on a material departure from the forms prescribed by law in respect to the drawing and return of the jury, or on the intentional omission of the sheriff to summon one or more of the jurors drawn.

To show a material departure from the statutory requisites, the moving party must provide a factual basis showing the jury panel selection process "was prejudicial, actually excluded, systematically excluded, or statistically excluded a fair cross section of the population." *State v. Palmer*, 2002 ND 5, ¶ 6, 638 N.W.2d 18.

[¶11] McAllister claims a large number of the jurors were familiar with the prosecuting attorney, but he does not claim that characteristic is unrepresentative of the jurisdiction's population. Nor does he assert that selection of the jury in this case strayed from the statutory requirements. The district court did not err when it denied McAllister's motion for a mistrial.

III

[¶12] McAllister argues his constitutional right to confront witnesses was violated because the district court limited his cross-examination of the victim. McAllister sought to question the victim about the victim's interest in obtaining restitution. The court ruled the question would elicit confusing and misleading testimony.

[¶13] A defendant's right to confront witnesses against him is constitutional in nature. *See* U.S. Const. amend. VI; N.D. Const. art. 1 § 12. The right of confrontation is satisfied if the defendant "has the opportunity to expose weaknesses in the witness' testimony." *State v. Velasquez*, 1999 ND 217, ¶ 8, 602 N.W.2d 693. Although the right of confrontation is of a constitutional magnitude, "the latitude and extent of cross-examination has always been held to be within the trial court's reasonable discretion." *State v. Haugen*, 458 N.W.2d 288, 291 (N.D. 1990). We review the district court's determination regarding the admissibility of testimony for an abuse of discretion. *Id.*

[¶14] This Court has not previously considered whether a district court abuses its discretion in precluding cross-examination of a victim's potential interest in restitution. There is conflicting case law from other jurisdictions on whether cross-examination concerning a victim's financial interest in obtaining a conviction should be allowed. At least one jurisdiction has reasoned that it is not necessarily prejudicial to preclude such questions because a victim's motivation to testify against a defendant who allegedly caused the victim injuries is apparent. *See State v. Gunther*, 466 A.2d 804, 807 (Conn. 1983) (affirming preclusion of cross-examination about victim's interest in obtaining restitution). Another court has concluded that such testimony is relevant and should be allowed. *See Bowen v. State*, 556 S.E.2d 252, 254 (Ga. Ct. App. 2001) (defendant is entitled to cross-examination regarding victim's interest in receiving compensation from state crime fund upon conviction).

[¶15] In the present case, the district court recognized the evidence of the victim's interest in restitution was relevant. In summarizing its ruling on the admissibility of the evidence, the district court noted the following: "Well . . . confusion, misleading the jury, collateral issues. Even relevant information can be excluded if it takes us down the wrong path." N.D.R.Ev. 403.

[¶16] The admissibility of the evidence of the victim's interest in restitution is subject to an abuse of discretion standard of review. Evidence of a victim's interest in restitution is relevant. However, given the district court's holding the evidence would be misleading and confusing to the jury, the extent of cross-examination that was permitted, and the impeachment testimony elicited, we conclude the district court's decision was not an abuse of discretion.

IV

[¶17] McAllister argues the district court erred when it instructed the jury. He claims the court should have given his proposed instructions on various defenses and that it should have instructed the jury to construe ambiguous jury instructions against the State.

4

[¶18] This Court reviews jury instructions as a whole to determine whether the jury was fairly and adequately informed of the applicable law. *City of Fargo v. Nikle*, 2019 ND 79, ¶ 6, 924 N.W.2d 388. The district court errs if it fails to instruct the jury on an issue that has been adequately raised. *Id.* This Court views the evidence in the light most favorable to the defendant when determining whether there was sufficient evidence to support an instruction. *Id.* "Reversal is appropriate only if the jury instructions, as a whole, are erroneous, relate to a central subject in the case, and affect a substantial right of the accused." *State v. Thorsteinson*, 2019 ND 65, ¶ 17, 924 N.W.2d 376 (citing *State v. Huber*, 555 N.W.2d 791, 793 (N.D. 1996)).

[¶19] McAllister argues the district court should have instructed the jury on the following defenses: duress, excuse, use of force to protect property, and use of deadly force based on fear of death or serious injury. McAllister also argues the court should have instructed the jury to construe ambiguous instructions against the State and that the court's instruction regarding circumstantial evidence was flawed.

[¶20] The evidence presented at trial shows this case arose from a dispute between coworkers that turned into a physical altercation. There was a question as to who the aggressor was, and the district court instructed the jury on self-defense and defense of others. The court also instructed the jury it must treat McAllister fairly and the State had a burden to prove its case beyond a reasonable doubt. The evidence presented at trial, viewed in a light most favorable to McAllister, does not support his proffered defense instructions. Taken as a whole, we conclude the court's instructions fairly informed the jury of the applicable law.

V

[¶21] McAllister also argues the district court erred when it included the lesser offenses of assault and simple assault.

> Our law on lesser included offense is this: We apply an elements-of-the-offense analysis. For an offense to be a lesser included offense, it must be impossible to commit the greater

offense without committing the lesser. *State v. Ellis*, 2001 ND 84, ¶ 11, 625 N.W.2d 544; *State v. Carlson*, 1997 ND 7, ¶ 35, 559 N.W.2d 802. For a lesser-included-offense instruction, there must be evidence on which a jury could rationally find beyond a reasonable doubt that the defendant is not guilty of the greater offense and to find beyond a reasonable doubt that the defendant is guilty of the lesser. *Carlson*, at ¶ 34. Generally, absent a request for an instruction on a lesser included offense, a trial court need not give such an instruction. *State v. Motsko*, 261 N.W.2d 860, 867 (N.D. 1977). Either the prosecution or the defense may request a lesser-included-offense instruction, or the court may on its own give such an instruction. *See State v. Wiedrich*, 460 N.W.2d 680 (N.D. 1990). The instruction must require an acquittal of the offense charged before consideration of lesser included offenses. *State v. Daulton*, 518 N.W.2d 719, 722–23 (N.D. 1994).

*State v. Keller*, 2005 ND 86, ¶ 31, 695 N.W.2d 703.

[¶22] The State charged McAllister with the crime of aggravated assault. At the State's request, the district court included the crimes of assault and simple assault on the verdict form. The jury acquitted McAllister of aggravated assault, but it found him guilty of assault.

[¶23] The crime of aggravated assault, as charged in this case, required a determination that McAllister willfully caused "serious bodily injury" to the victim. *See* N.D.C.C. § 12.1-17-02. The crime of assault requires a person willfully cause "substantial bodily injury" to another. N.D.C.C. § 12.1-17-01.1. The crime of simple assault requires a person willfully cause "bodily injury" to another. N.D.C.C. § 12.1-17-01.

[¶24] Serious bodily injury is defined as:

[B]odily injury that creates a substantial risk of death or which causes serious permanent disfigurement, unconsciousness, extreme pain, permanent loss or impairment of the function of any bodily member or organ, a bone fracture, or impediment of air flow or blood flow to the brain or lungs.

6

Substantial bodily injury is defined as:

> [A] substantial temporary disfigurement, loss, or impairment of the function of any bodily member or organ.

Bodily injury is defined as:

> [A]ny impairment of physical condition, including physical pain.

N.D.C.C. § 12.1-01-04(4), (27), and (29).

[¶25] As these definitions show, it is not possible to cause serious bodily injury without causing substantial bodily injury. Likewise, it is not possible to cause substantial bodily injury without causing bodily injury. Therefore, it is not possible to commit aggravated assault, as it was charged in this case, without committing assault and simple assault. We conclude the district court's inclusion of these offenses on the verdict form was not erroneous.

## VI

[¶26] McAllister argues the jury's verdict was inconsistent. He asserts he provided a theory of self-defense at trial, and given the "nature of the defense, it would be highly unlikely for an individual to conclude that McAllister was both not guilty of Aggravated Assault, but guilty of Assault."

[¶27] An inconsistent verdict occurs when the verdicts "cannot be rationally reconciled." *State v. McClary*, 2004 ND 98, ¶ 9, 679 N.W.2d 455. The verdicts can be rationally reconciled in this case. The jury may have simply found McAllister caused the victim substantial bodily injury, but not serious bodily injury. We conclude the jury's verdicts can be rationally explained and they are not inconsistent.

## VII

[¶28] McAllister argues the district court erred when it denied his motion for judgment of acquittal.

[¶29] Rule 29 of the North Dakota Rules of Criminal Procedure allows the court to acquit the defendant when the evidence is insufficient to sustain a conviction. When ruling on a motion for acquittal, the district court must "deny the motion if there is substantial evidence upon which a reasonable mind could find guilt beyond a reasonable doubt." *State v. Hafner*, 1998 ND 220, ¶ 21, 587 N.W.2d 177. We review the court's decision on a Rule 29 motion for acquittal for an abuse of discretion. *State v. Wallace*, 2019 ND 265, ¶ 1, 935 N.W.2d 257.

[¶30] McAllister first argues the district court erred because it did not allow him to make his Rule 29 motion immediately after the State rested its case. Rule 29 states the court may enter judgment of acquittal "[a]fter the prosecution closes its evidence or after the close of all the evidence." N.D.R.Crim.P. 29(a) Rule 29 does not specify when the court must allow a defendant to make a motion for acquittal. "The trial court is vested with broad discretion regarding the order of proceedings at trial." *State v. Carlson*, 1997 ND 7, ¶ 12, 559 N.W.2d 802. We find McAllister's argument unpersuasive.

[¶31] McAllister also argues, in conclusory fashion, that the evidence was insufficient to sustain the conviction. "On appeal, to successfully challenge the sufficiency of the evidence, the defendant must show the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt." *State v. Gonzalez*, 2000 ND 32, ¶ 14, 606 N.W.2d 873. Because McAllister has not explained how the evidence was insufficient to sustain his conviction, he has not met his burden on appeal. We conclude the district court did not abuse its discretion when it denied McAllister's motion for acquittal.

VIII

[¶32] McAllister claims the district court erred when it ordered restitution. Article I, § 25(1)(n), N.D. Const., provides victims "[t]he right to full and timely restitution in every case and from each offender for all losses suffered by the victim as a result of the criminal or delinquent conduct." Section 12.1-32-08(1), N.D.C.C., allows the district court to order a defendant to pay restitution in a criminal case. We have said N.D. Const. art. I, § 25(1)(n) does not change the restitution amount a district court may order under § 12.1-32-08. *State v.*

8

*Kostelecky*, 2018 ND 12, ¶ 12, 906 N.W.2d 77.  Harmonizing these two provisions, we have concluded "a victim is entitled to be made whole through a reasonable restitution amount based on the entirety of his or her actual losses." *Id.*

[¶33] The district court ordered damages in this case pursuant to N.D.C.C. § 12.1-32-08.  We review a district court's order for restitution made pursuant to N.D.C.C. § 12.1-32-08 to determine whether the court acted within the limits set by the statute.  *State v. Strom*, 2019 ND 9, ¶ 3, 921 N.W.2d 660.  This is similar to our abuse of discretion standard.  *Id.*  Under § 12.1-32-08(1), the district court shall order restitution when it determines the defendant's "criminal activities" have caused a victim "pecuniary damages."  Restitution must be limited to damages that are "directly related to the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action."  *Id.*  "This direct relationship requires an immediate and intimate causal connection between the criminal conduct and the damages or expenses for which restitution is ordered."  *State v. Clayton*, 2016 ND 131, ¶ 5, 881 N.W.2d 239.  The determination of whether damages are directly related to a defendant's criminal conduct is a question of fact for the court to decide.  *Id.* at ¶ 7.  We will not set aside a court's finding of fact in a restitution hearing unless it is clearly erroneous.  *Id.* at ¶ 7.

[¶34] McAllister argues the victim was treated for injuries that constitute "serious bodily injury."  McAllister notes the jury acquitted him of aggravated assault, which would have required a finding that he caused the victim serious bodily injury.  He asserts he "cannot be required to pay restitution for injuries he was found not guilty of causing."

[¶35] The jury instructions defined serious bodily injury as follows: "bodily injury that creates a substantial risk of death or which causes serious permanent disfigurement, unconsciousness, extreme pain, permanent loss or impairment of the function of any bodily member or organ, a bone fracture, or impediment of air flow or blood flow to the brain or lungs."  McAllister's argument is premised on the assumption his acquittal on the aggravated assault charge required the jury to determine the victim did not have any

injuries within the definition of serious bodily injury. However, the instruction providing the essential elements required to convict McAllister of aggravated assault limited the definition of serious bodily injury as follows: "Willfully engaged in conduct which caused serious bodily injury to Joshua Hale, another human being as follows: unconsciousness . . . ." McAllister was charged with committing a specific type of serious bodily injury, unconsciousness. Contrary to his suggestion, the jury only acquitted McAllister of causing unconsciousness.

[¶36] McAllister was convicted of assault, which required the jury to find he caused "substantial bodily injury." Substantial bodily injury is defined as "a substantial temporary disfigurement, loss, or impairment of the function of any bodily member or organ." N.D.C.C. § 12.1-01-04(29). At the restitution hearing, the district court heard testimony indicating the victim's medical bills were for treatment due to a concussion and a fractured jaw. Both of these injuries meet the definition of substantial bodily injury.

[¶37] Because the district court heard testimony indicating the victim was treated for the type of injuries McAllister was convicted of causing, we cannot say the court abused its discretion or acted outside the bounds of the restitution statute. We affirm.

[¶38] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte