# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2022 ND 219

State of North Dakota,                                   Plaintiff and Appellee

v.

Sheldon George Davis,                                   Defendant and Appellant

No. 20220220

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Tristan J. Van de Streek, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Muriel Rott (argued), third year law student, under the Rule of Limited Practice of Law by Law Student, and Carmell F. Mattison (appeared), Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1] Sheldon Davis appeals from a district court judgment awarding restitution. We conclude the district court did not abuse its discretion in awarding restitution in the amount of $3,550.00.

I

[¶2] Davis was found guilty of the murder of Denise Anderson, endangering by fire or explosion, and arson. The district court ordered restitution without a hearing. We remanded in *State v. Davis*, 2022 ND 30, 970 N.W.2d 201, holding the district court erred in ordering restitution without a hearing. On remand, the district court held a hearing to determine restitution. The State presented evidence that a bill for the funeral of Denise Anderson was sent to Nicholas Berlin, Denise Anderson's son. The State also presented testimony from the funeral director of West Funeral Home, Craig Olsen. Olsen testified the total bill for the funeral was $3,550.00, the bill was sent to her son, Nicholas Berlin. Olsen testified he was not certain if Berlin or another family member paid the bill, but the bill had been paid in full. The district court found there was an actual cost incurred of $3,550.00 for Denise Anderson's funeral and awarded restitution in that amount to Nicholas Berlin.

II

[¶3] Davis argues the district court abused its discretion in ordering restitution to be paid to Nicholas Berlin.

> This Court's review of a restitution order is limited to whether the district court acted within the limits set by statute, which is similar to an abuse of discretion standard. *State v. Bingaman*, 2002 ND 210, ¶ 4, 655 N.W.2d 57; *State v. Kensmoe*, 2001 ND 190, ¶ 7, 636 N.W.2d 183. A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law. *Bingaman*, at ¶ 4; *Kensmoe*, at ¶ 7. "[T]he State has the

burden in a restitution hearing to prove the amount of restitution by a preponderance of the evidence." *State v. Gill*, 2004 ND 137, ¶ 7, 681 N.W.2d 832. *State v. Tupa*, 2005 ND 25, ¶ 3, 691 N.W.2d 579. We review questions of law de novo in determining whether or not the district court abused its discretion through misapplication or misinterpretation of the law. *See State v. Knox*, 2016 ND 15, ¶ 6, 873 N.W.2d 664.

*State v. Kostelecky*, 2018 ND 12, ¶ 6, 906 N.W.2d 77. When ordering restitution, the district court is to follow the framework set forth in N.D.C.C. § 12.1-32-08 which provides the court consider:

[T]he reasonable damages sustained by the victim. These damages are limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action. This Court has interpreted "directly related" and "direct result" in this section as requiring an immediate and intimate causal connection between the criminal conduct and the damages or expenses for which restitution is ordered.

*State v. Carson*, 2017 ND 196, ¶ 6, 900 N.W.2d 41 (internal citations and quotations omitted).

[¶4] Davis, in his briefing to this Court, argues the district court misapplied N.D.C.C. § 12.1-32-08 by not determining whether Berlin directly paid for the funeral expense and there is insufficient evidence in the record to establish Berlin paid for the funeral. Davis contends the district court could not have properly determined Berlin actually incurred a recoverable loss under N.D.C.C. § 12.1-32-08(1) because there was no evidence presented which showed Berlin was the person who paid for the funeral. Despite the numerous issues raised by Davis during oral argument, we will limit our review to the issue properly raised in the brief. *See Roise v. Kurtz*, 1998 ND 228, ¶ 10, 587 N.W.2d 573 ("we do not consider issues raised for the first time at oral argument on appeal").

[¶5] The State argues our decision in *State v. Bruce*, 2018 ND 45, 907 N.W.2d 773 is dispositive. In *Bruce*, the defendant argued the district court improperly awarded restitution for the funeral expenses of the victim because the father

2

of the victim received money from a life insurance policy to pay for the funeral expenses. *Id.* at ¶ 7. This Court rejected Bruce's argument concluding the funeral expenses of the victim were a direct result of the criminal actions of Bruce as required by N.D.C.C. § 12.1-32-08(1)(a) (2009) and Bruce provided no authority to indicate the receipt of life insurance proceeds changes the analysis of whether an expense was actually incurred as a direct result of the defendant's conduct. *Id.* The State contends that our decision in *Bruce* provides that it is unnecessary for the State to establish from whom the payment for a loss is provided.

[¶6] It is unnecessary to reach the argument asserted by the State. In a restitution hearing the State must meet its burden of proof by a preponderance of the evidence. *Kostelecky*, 2018 ND 12, ¶ 6; *Gill*, 2004 ND 137, ¶ 7. "We will not set aside a court's finding of fact in a restitution hearing unless it is clearly erroneous." *State v. McAllister*, 2020 ND 48, ¶ 33, 939 N.W.2d 502. We will determine a finding of fact to be clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, we are left with a definite and firm conviction a mistake has been made. *Kuntz v. State*, 2022 ND 189, ¶ 5. As noted in the following paragraph, there is sufficient evidence in the record to support a finding Berlin paid the funeral bill and is entitled to restitution.

[¶7] Davis was convicted of murdering Denise Anderson. As a direct result of her death, funeral expenses were incurred. A bill for the funeral was sent to her son. The funeral bill was Berlin's debt. The funeral bill was subsequently paid. Although the funeral director did not know who actually paid the bill and the State did not offer direct evidence Berlin paid the bill, we conclude the district court's finding Berlin was entitled to restitution equal to the funeral bill is supported by the billing statement in Berlin's name, addressed to Berlin, and paid after being sent to Berlin. The court's finding was not induced by an erroneous view of the law, it is supported by evidence in the record, and we are not left with a definite and firm conviction a mistake has been made.

## III

[¶8]  We affirm the district court's award of restitution in the amount of $3,550.00 to Nicholas Berlin.

[¶9]   Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte